ANGELO D'ALESSANDRO v. STATE.

153 So. 95.
Division A.
Opinion Filed February 27, 1934.

*W. D. Bell,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

ELLIS, J.—D'Alessandro was indicted in Lee County for the offense of having in his "possession tickets in a certain lottery for money commonly known as Bolita, a further description .of said lottery being to the Grand Jurors unknown."

A motion was made to quash the indictment upon the grounds that it was vague and uncertain and did not apprise the defendant sufficiently of the nature and cause of the accusation against him; that it charged no offense punishable by the laws of Florida; that it did not charge that the possession of the alleged tickets was illegal, nor that the alleged tickets were lottery tickets, nor that the defendant had knowledge that the tickets were lottery tickets, nor whether the alleged offense was a misdemeanor or a felony.

The motion was overruled.

The record does not disclose that there was a plea to the indictment. The transcript contains the following statement: "There is no plea of guilty or not guilty shown by the record."

Yet there was a trial by jury and a verdict of guilty rendered and judgment and sentence entered. The defendant

was sentenced to confinement and hard labor in the State penitentiary for a period of eighteen months. The defendant took a writ of error to the judgment.

In so far as the description of the lottery by the language in the indictment is involved we hold that it is sufficient under the authority of Bueno v. State, 40 Fla. 160, 23 South. Rep. 862.

Whether the having in his possession of tickets in the lottery is a sufficient allegation to substantially comply with the statute is another question. The word "lottery" is defined in Webster's International Dictionary as a scheme for the distribution of prizes by lot or chance, a game in which prizes are given from a pool to holders of cards matching others reserved for that purpose. It is not a place, a house, or a shelter; it is a game or a scheme, and the phrase "tickets in a lottery" is the equivalent of the phrase "cards in a game" concerning the meaning of which there exists little or no doubt.

Section 7667, C. G. L., 1927, denounces an offense of which there are many phases. One phase is the having in one's "possession any lottery tickets." With that phase of the offense the indictment accused the defendant. It would have been better pleading to have alleged that the lottery tickets so held in the defendant's possession were evidence of an interest in a lottery scheme or device not yet played.

A lottery is a scheme or a game for which tickets are provided evidencing that the possessor of such tickets has a monetary or other valuable interest in the game or the scheme to be played or operated, which played or operated once destroys the value of the ticket as the prizes are distributed. A lottery ticket is still a lottery ticket loosely speaking, although the drawing has been made and the number or character evidenced by the ticket entitled the

holder to no division of the prize money. To be in possession of a lottery ticket in a game which was played six months or ten years before would surely be no violation of the statute which seeks to denounce the offense of participation in a lottery game or scheme.

A lottery ticket within the meaning of the statute should represent an interest in a lottery yet to be played because a lottery ticket which has lost its vitality as an interest in a lottery game by reason of the fact that the game has been played some months or years before shows no possible interest of the possessor in a lottery game. No conviction of the one charged with the possession of a lottery ticket could be sustained unless there was evidence to show that the ticket represented a live interest in a game or lottery yet to be played. Therefore, the charge that the lottery ticket represented such an interest is necessary to the complete accusation under the statute.

We are of the opinion, therefore, that the indictment charged no offense and the court erred in overruling the motion to quash the indictment.

Judgment reversed.

Davis, C. J., and Terrell, J., concur.

Whitfield, P. J., and Buford, J., concur in the opinion and judgment.