WILL STRACHAAN, *alias* WILL STRONG, v. STATE.

156 So. 885.
Division B.
Opinion Filed October 1, 1934.

*Roger Edward Davis,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—The defendant, plaintiff in error here, was informed against by information in three counts. He was convicted under count Two which operated as an acquittal

under each of the other counts. Count Two was in the following language:

"CHARLES A. MOREHEAD, County Solicitor for the County of Dade, prosecuting for the State of Florida, in the said County, under oath, information makes that Will Strachaan, alias Will Strong, 538 N. W. 19th St., Miami, of the County of Dade and State of Florida, on the last day of May, in the year of our Lord, One Thousand Nine Hundred and Thirty-three, in the County and State aforesaid, unlawfully and feloniously was connected with a certain, Lottery, a more particular description of which said Lottery is to the County Solicitor unknown, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida."

It is unnecessary for us to discuss any of the assignments of error except those which attack the sufficiency of the information.

The Second Count of the Information, under which plaintiff in error was convicted, charges no offense whatever against the laws of the State of Florida. Therefore, motion in arrest of judgment should have been granted.

The count under consideration did not state that the lottery referred to was a lottery for money or other thing of value and was, therefore, under the holding of this Court in D'Alessandro v. State, in which opinion was filed February 27, 1934, reported 153 Sou. 95, fatally defective. Aside from this, this Count of the Information totally fails to charge the manner, means or extent in which the accused was alleged to have been connected with the lottery. It charged a conclusion and alleged no fact from which the conclusion could be drawn. Such a charge cannot constitute a basis for a judgment of conviction. It in no way protects the defendant from a second prosecution for the same offense.

For the reasons stated, the judgment should be reversed and it is so ordered.

Reversed.

WHITFIELD, P. J., and BROWN, J. J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.