CLARENCE WILLIAMS v. STATE.

184 So. 111.
Division B.
Opinion Filed October 15, 1938.

F. R. C. *Koester* and *Wayne E. Ripley,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

CHAPMAN, J.—On October 19, 1937, Clarence Williams, plaintiff in error, was informed against in the Criminal Court of Record of Duval County, Florida, for having in his possession lottery tickets contrary to Section 7667 C. G. L. He was arraigned, placed upon trial, was by a jury convicted and by the trial court sentenced to the State Pententiary at hard labor for a period of eighteen months, and upon a writ of error seeks a reversal thereof in this Court. The sole assignment relied upon is the sufficiency of the evidence to sustain the judgment, which was properly raised or presented in the trial court on motion for a new trial, which was denied. The State produced a witness by the name of Fred Williams, who testified he got the tickets from the defendant in the City of Jacksonville where he

was then working. The defendant stated that the "throwing" would be tonight, meaning the night of the day when delivered by the defendant to the witness, Williams. The record is silent as to the amount paid therefor, but this point is not material to the issues here involved as the possession thereof is made a crime under Section 7667 C. G. L. In the case of D'Alessandro v. State, 114 Fla. 70, 153 So. 95, it was held that a lottery ticket within the meaning of the statute, *supra,* should "represent an interest in a lottery yet to be played." The time of the playing, as shown by the record according to the statement of the defendant was "to be tonight." We think the evidence on this point meets the requirements of the statute.

It is next contended that the lower court erred in admitting into evidence over the objection of the defendant a plea of guilty made and entered by the defendant upon arraignment on the same charge in a Justice of the Peace District in Duval County. The case of Daniels v. State, 57 Fla. 1, 48 So. 747, is cited by counsel to sustain their contention. We have examined the case and hold that it fails to sustain their conclusion. The responsibility rests upon plaintiff in error to show that error occurred during the progress of the trial. We have carefully examined the entire record, briefs of counsel and have heard argument at this bar and find that no error has been made to appear, so, the judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.