ANDRE VOSTRE v. STATE

195 So. 151
Division B
Opinion Filed January 2, 1940
Rehearing Denied April 2, 1940

*T. B. Castiglia* and *Paull E. Dixon,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

CHAPMAN, J.—William Vaughn and Andre Vostre were informed against in the Criminal Court of Record of Hillsborough County, Florida, by the County Solicitor of said county, for violating Section 7667 C. G. L. They were arraigned, placed upon trial and by a jury convicted, when each were sentenced by the trial court to imprisonment in the State Prison for a period of one year at hard labor. Andre Vostre was assessed a fine in addition in the sum of $200.00 or be confined in the county jail at hard labor for a period of sixty days. The lower court suspended the State Prison sentence conditioned upon the payment of all court costs. From this sentence of conviction Andre Vostre sued out writ of error and has perfected his appeal to this Court.

The information was attacked by motion to quash on a number of grounds, but broadly that the information fails to charge plaintiff in error with a violation of the laws of Florida. The information was drafted under Section 7667 C. G. L., and the same has been examined in the light of the grounds of the motion to quash under Section 7667 C. G. L. We fail to find merit in this assignment.

It is next contended that the lower court erred in overruling and denying the motion of plaintiff in error for a

bill of particulars. It is settled law of Florida that the granting or denying of a motion for a better bill of particular is directed to the sound discretion of the trial court and will not by the appellate court be interfered with unless the discretion was abused. Plaintiff in error failed to show an abuse of discretion. The record shows that the trial court granted in part the motion of plaintiff in error.

When the State rested its case, as shown by the record, counsel for the defendant moved the court to direct a verdict of not guilty on the ground that the State had failed to show a violation of the statute under which the information was drafted. It is true that the evidence on one or two points as made by the State is rather weak, and especially is this true of the time or place of the throwing of the alleged lottery, the prize being a suit of clothes. We think these conflicts or disputes in the evidence are questions for the jury under appropriate instructions. We think there was ample testimony of the violation of the law, *supra,* before the court when the order was entered denying the motion for a directed verdict.

It is next contended that the trial court erred in its remarks during the progress of the trial, amounting to a disrespect for counsel for plaintiff in error. It is true, as shown by the record, that the trial court ruled promptly when required so to do. He at one time sent the jury from the court room and interrogated the witness then on the stand and promptly announced that the testimony was not admissible, and instructed counsel engaged in the trial of the case not to examine or cross examine the witness as to that evidence. We have carefully considered the assignments appearing in the record based upon the alleged impropriety on the part of the trial court. The record has been considered with the brief of counsel for plaintiff in error before us, but we fail to find the appearance of merit

to this contention. Frequently during the trial of a cause it is difficult for a trial court to maintain the poise and dignity required of him, but it cannot be overlooked or denied that counsel can assist and may render valuable aid in the administration of justice, rather than impede the business of the court. Counsel has duties and obligations imposed by law when coming to the bar or when becoming engaged as counsel in litigation. Courts are human institutions, and it follows that error appears quite often in their proceedings, evn though they possess the patience of Job and the wisdom of Solomon. The trial court followed the law and reversible error has not been made to appear.

The witnesses testified they went to the place of business of the defendants below and agreed to buy a suit of clothes for a certain amount of money and agreed to pay a certain sum thereon each week; the name of the purchaser would be placed on the books of the defendant and a certain number assigned to the account, and if the number assigned appearing on the name of the account came out on the Cuban National Lottery, then the suit would be delivered without payment of additional or further sums of money to the defendants.

We think the evidence sufficient to support the verdict and no error appearing in the record, the judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

## ON REHEARING

BUFORD, J.—This cause was originally submitted on oral argument before Division B and opinion prepared by Mr.

Justice CHAPMAN and concurred in by Chief Justice TERRELL and Justices WHITFIELD and BROWN. On re-hearing being granted, it was again orally argued before the full court.

It now appears to us that the evidence is not legally sufficient to support the verdict and judgment. It is true that Vostre and one Vaughn were partners in a business which engaged in the sale of suits and that Vaughn conducted what is known as suit clubs in which he would sell suits to be paid for in advance installments of one dollar per week and that with some sales he would issue a ticket to the customer with the understanding that if a number identical with the number on the ticket should win in Cuban National lottery in Tampa before the full price of the suit had been paid and when the customer was not in default in his weekly payments, then the holder of such ticket would get his suit without further payment.

There is no sufficient showing in the record that Vostre knowingly participated in such transactions or that he had any knowledge in regard thereto which would render him criminally liable. One is not necessarily criminally liable for the criminal acts of his partners, although such criminal acts may be accomplished in the conducting of the partnership business.

For the reasons stated, we hold that the judgment should be reversed.

So ordered.

Reversed.

TERRELL, C. J., BROWN and CHAPMAN, J. J., concur.

WHITFIELD and THOMAS, J. J., dissent.