104 So.2d 137 (1958)
Fred HOLLIDAY, Appellant,
v.
STATE of Florida, Appellee.
No. A-95.
District Court of Appeal of Florida. First District.
March 18, 1958.
Rehearing Denied July 3, 1958.
*139 R. Worth Moore and Truett & Watkins, Tallahassee, for appellant.
Richard W. Ervin, Atty. Gen., and Odis M. Henderson, Sp. Asst. Atty. Gen., for appellee.
STURGIS, Chief Judge.
Omitting the formal parts, the first count of an information under F.S. Sec. 849.09, F.S.A. charged appellant with having set up, promoted and conducted a lottery for money, commonly known as Cuba or bolita, the second count charged him with having aided in such lottery by receiving and "taking into possession money, tally or score sheet and record showing the betting on said lottery," and the third count charged him with having been "interested in or connected with" such lottery "in that he received or collected record of the sale of chances" thereon. The trial court denied his motion to suppress certain evidence that admittedly was material to conviction, and also denied his motion for a directed verdict. The jury acquitted him of the first count, was unable to reach a verdict on the second count, resulting in a mistrial on that count, and found him "guilty of count three," whereupon he was adjudged guilty of the offense charged by the third count and sentenced to imprisonment in the county jail for one year, from which sentence and judgment he appeals.
Appellant contends that the trial court erred (1) in denying the motion to suppress the evidence, (2) in denying the motion for directed verdict, and (3) in entering the judgment and sentence on the verdict rendered.
The essential facts surrounding the seizure of the bolita records that formed the subject of the motion to suppress evidence  seized by a civilian investigator who on the basis of its contraband character made the arrest  are analogous to those in Mitchell v. State, Fla., 60 So.2d 726, in which the seizure was held to be lawful. Appellant seeks to distinguish the facts in the case on review from those in the Mitchell case on the premise that Mitchell surreptitiously undertook, in the presence of the investigator and before the latter in any manner interfered with Mitchell's movements, to rid his person of the subject evidence, whereas in the case on review the investigator, before any such attempt by the appellant, called out to appellant, "Just a minute, Fred," and repeated it when appellant did not stop, at which point appellant, fearing or suspecting that the investigator was an officer, undertook to get rid of the evidence in question. From this premise it is argued that since appellant was walking away from the investigator when the mentioned words were spoken, since he stopped only in response thereto, since he recognized the investigator as a person whom he had formerly known to be an officer of the law and yet believed him to be such, and since it was upon such belief that he undertook to rid his person of the contraband evidence, it follows that the arrest, which occurred when the investigator discovered that the subject evidence was in fact contraband, related back to the time appellant was hailed by the mentioned words addressed to him; that since no *140 probable cause existed at that time, the subsequent arrest was void, and rendered the seizure of evidence void as well. We cannot agree.
Words so spoken by a civilian in common parlance have no connotation of arresting the party to whom they are addressed. The act of the appellant in undertaking to rid his person of the contraband was voluntary. The trial court properly denied the motion to suppress.
The crime under discussion and other crimes relating to lotteries are defined and the punishment prescribed by F.S. Sec. 849.09, F.S.A. The crimes defined in the first four lettered paragraphs of subsection (1) of the statute are punishable by imprisonment in the state prison, hence are felonies. Article XVI, Section 25, Constitution of Florida (1885), F.S.A. Those defined in the remaining six lettered paragraphs of said subsection are misdemeanors except as to second offenders, when they are felonies. No second offense was charged by the information in question.
Appellant contends, and we agree, that the third count of the information, as above quoted in part, charged him with the felony defined by Sec. 849.09(1) (d), which provides that it is unlawful to:
"(d) Aid or assist in the setting up, promoting or conducting of any lottery or lottery drawing, whether by writing, printing or in any other manner whatsoever, or be interested in or connected in any way with any lottery or lottery drawing; * * *"
We further agree with appellant's contention that the language of the verdict and judgment can only be construed as having reference to a conviction of the felony defined in said paragraph (d) of the statute.
The state contends that the verdict, judgment and sentence were for conviction of the misdemeanor defined in paragraph (h) of the statute, and upon this contention undertakes to justify the sentence of imprisonment in the county jail. Paragraph (h) of the statute makes it unlawful for one to:
"(h) Have in his possession any lottery ticket, or any evidence of any share or right, in any lottery ticket, or in any lottery scheme or device, whether such ticket or evidence of share or right represents an interest in a live lottery not yet played or whether it represents, or has represented, an interest in a lottery that has already been played; * * *"
Casual inspection of count three of the information reflects that it is not sufficiently broad to put the appellant on notice that he was being charged with having had "in his possession" any of the contrabrand specified in said paragraph (h). On the contrary, this count charges him with having an "interest in" or being "connected in any way with a lottery or lottery drawing," which words substantially track part of the language of said paragraph (d). We are compelled, therefore, to conclude that it was never the intent to charge appellant with either of the misdemeanors or with the felony prescribed for second offenders, or that if such was the intent, the information fails to definitely or adequately state it.
We are supported in our conclusions by the record on appeal, from which it is evident that if count three (3) of the information can be made to embrace any crime other than the felony defined by paragraph (d) of subsection (1) of the statute, it could with equal force be made applicable to any of the misdemeanors defined by the last six lettered paragraphs of that subsection, rather than only paragraph (h) as the state contends. We hold that the verdict and adjudication of guilt was solely of the felony defined by said paragraph (d).
We do not depart from the rule announced in Nelson v. State, Fla., 83 So.2d 687, to the effect that one charged with a felony under F.S. Sec. 849.09, F.S.A. may *141 be convicted of a misdemeanor embodied therein where the information by apt language alleges the commission of acts which constitute the misdemeanor. The cited case affirmed conviction of defendant for the misdemeanor resulting from possession of lottery tickets pursuant to an information that charged him with the felony of assisting in the conduct of a lottery "by possessing tickets," and also affirmed his conviction of the misdemeanor of selling chances in a lottery pursuant to an information charging him with the felony of having an interest in a lottery or connection with a lottery "in that he did engage in the business of selling * * * chances" therein.
We have examined the record of the appeal in Nelson v. State, supra, from which we note that in that case the jury returned a verdict finding the defendant "guilty of having in his possession, lottery tickets, as included in the first count of the information filed herein; and guilty of selling lottery chances in a lottery, as included in the second count of the information filed herein." By that verdict the jury unmistakably declared the defendant guilty of the misdemeanor rather than the felony embodied in the information. Where, as in the case on review, the verdict simply finds the defendant guilty as charged, the rule is that it relates to the greatest offense charged in the information and it is error to pronounce a sentence less than that specified for the crime. Dean v. State, Fla., 83 So.2d 777.
The record in the Nelson case also discloses that the trial court pronounced the following sentence and judgment:
"You, Isaac Nelson, having been convicted by a jury of the crime of Having In Your Possession Lottery Tickets, as included in the first count of the information filed herein and of Selling Lottery Chances In A Lottery, as included in the second count of the information filed herein, the Court adjudges you to be guilty of Having In Your Possession Lottery Tickets, as included in the first count of the information filed herein and of Selling Lottery Chances In A Lottery, as included in the second count of the information filed herein.
"It Is Therefore, the Sentence of the Law and the Judgment and Order of This Court, that you, Isaac Nelson, for your said offense for which you have been and now stand convicted, shall serve in the County Jail of Pinellas County, Florida, at hard labor, for and during the term of one year."
It will be seen that in the cited case the court adjudged Nelson guilty of the lesser offenses, according to the verdicts of the jury, and sentenced him accordingly, while in the case on review the court adjudged appellant guilty as charged, that is, of the felony, but erroneously sentenced him as if he had been convicted of a misdemeanor. If the conviction of the felony were sustainable, the irregular sentence of appellant to the county jail rather than to the state prison would be curable by remanding the cause for proper sentence. Wheeler v. State, Fla., 72 So.2d 364, 366. However, we have carefully reviewed the evidence and find it insufficient to support the premise that appellant was interested in a live lottery  one yet to be played  as is necessary to conviction of the felony under the authority of our supreme court in D'Allessandro v. State, 114 Fla. 70, 153 So. 95. Indeed, the state does not so contend or argue on the appeal.
The jury acquitted appellant of the first count of the information charging him with having set up, promoted and conducted a live lottery  the felony defined by paragraph (a) of the statute. It could not reach a verdict and the court declared a mistrial as to the second count, which charged him with aiding in a lottery by receiving and "taking into possession" the contraband that formed the subject of the motion to suppress. As was true of the first count, *142 in order to convict for the offense charged in the second count it was necessary for the proofs to establish that the acts charged were committed in connection with a live lottery; and this element of proof was also necessary to conviction of the offense charged by the third count. The record in this cause does not contain sufficient evidence to support the verdict finding appellant guilty of the felony charged by the third count, that is, participation in a live lottery. This postulate was admitted by the state in its oral argument before this court.
The trial court did not sentence the defendant to imprisonment in the state prison as is required under the statute upon conviction of the felony charged by the third count. Instead, the appellant was sentenced to imprisonment in the county jail, which sentence is imposable under the statute only upon conviction of a misdemeanor as therein defined.
For the reasons stated the judgment appealed from must be and it is reversed.
WIGGINTON and CARROLL, DONALD K., JJ., concur.

On Petition for Rehearing
STURGIS, Chief Judge.
Appellee's petition for rehearing suggests, first, that our former opinion unduly broadens the scope of the rule laid down in D'Alessandro v. State, 114 Fla. 70, 153 So. 95, and secondly, that having relied on the authority of that case, it follows that appellant was properly convicted of the felony charged by the third count of the information, so that the trial court was in error only in having imposed an unlawful sentence. The second premise adopts a position that was not asserted by appellee's brief or argument, but the impact of the decision upon the important criminal law here involved impels us to disregard this departure from the rule governing rehearings.
The subject count of the information charged appellant with being "interested in or connected with a lottery or lottery drawing, commonly known as Cuba or bolita, for money, in that he received or collected record of the sale of chances on a lottery." The only testimony remotely connecting appellant with the alleged interest in a lottery of any kind, dead or alive, is that he was found in possession of a paper identified as a "run-down sheet" or "tally sheet" such as is used in lotteries. In reference thereto the state's chief witness testified:
"Q. Is there any evidence that you have, of your own knowledge, that that so called run-down sheet was made within the last two years prior to the time of his arrest? A. Now?
"Q. Just answer the question. Do you or do you not have any actual knowledge? A. No, sir.
* * * * * *
"Q. Can you swear that this was not in existence more than two years prior to the date of the defendant's arrest? A. No, sir, I can't.
"Q. Can you testify, of your own knowledge, whether or not that is an interest in a live lottery, or was an interest in a live lottery, within the last past two years prior to the date of the defendant's arrest? A. No, sir."
No other witness testified to the contrary, so it is evident that the state failed to maintain the essential burden of establishing that at any time within the statutory period embraced by the information or indictment appellant had an interest in a live lottery.
The difficulty in applying the rule announced in the D'Alessandro case appears to flow from a failure to distinguish *143 between the ultimate crime of having an "interest in a lottery" and the elements of proof by which guilt of that and the other felonies defined by Sec. 849.09(1) (a-d) may be established. Thus, the bare circumstance of being found in possession of paraphernalia commonly used in promoting or conducting a lottery, though admissible in evidence for whatever value it may have in support of the inference that the party found in possession was, within the statutory period embraced by the information or indictment, interested in a live lottery, that circumstance standing alone is inadequate to support conviction of the felony.
We do not mean to infer or hold that the circumstances surrounding the possession of lottery paraphernalia may not, when coupled with such possession, be sufficient to warrant the conclusion that it was used by the accused in connection with a live lottery, that being a matter for the jury in each case. It is the lack of competent evidence to support conviction of the felony that compelled our reversal in this case.
Rehearing is denied.
WIGGINTON, J., concurs.
CARROLL, DONALD, Judge (specially concurring).
I concur in the views expressed in the opinion on rehearing by Judge STURGIS, but I feel that it should be made crystal clear on this rehearing that this court does not hold that an essential element of the offense of being "interested in or connected * * * with" a lottery under Sec. 849.09, Florida Statutes, is that the lottery in question be a "live lottery", that is, a lottery yet to be played as of the time of the defendant's arrest or the time of the filing of the information against him.
Proof of a "live lottery" was necessary to establish the offense of possession of lottery tickets prior to a statutory amendment of 1951, as was held in D'Allessandro v. State, 114 Fla. 70, 153 So. 95, and in other decisions of the Supreme Court, but there seems to be no authority for the proposition that such is necessary to establish the felonies under Sec. 849.09, Florida Statutes, relating to promoting or conducting a lottery, including, as in this case, the offense of being "interested in or connected * * * with" a lottery.
Our holding on rehearing is that to sustain a conviction of being "interested in or connected * * * with" a lottery under Sec. 849.09, the evidence must establish that, as of the date of the filing of the information against the defendant, or the return of the indictment, as the case may be, the lottery in question was either one yet to be held or that the acts constituting the violation of the statute occurred within the period prescribed by the applicable statute of limitations.
Lottery paraphernalia, such as balls, tickets, tally or rundown sheets, record of sales, etc., found in the possession of an accused are admissible as evidence in proof of the felonies defined in Sec. 849.09(1) (a-d). The probative value of this type of evidence is not dependent upon proof that it related to a lottery which had not been played at the time the paraphernalia were found in the accused's possession. The possession of such paraphernalia, coupled with other evidence, may be properly considered by the jury in determining the issue of defendant's guilt or innocence. Since the evidence in the instant case failed to establish that the defendant was interested in a lottery at any time within two years preceding the filing of the information against him, or was one yet to be played, I concur that the rehearing should be denied and that our decision, that the judgment and sentence be reversed, should be adhered to.
WIGGINTON, J., concurs.