THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ELEU-
TERIO RAMOS, known as JUAN RAMOS LÓPEZ, Defendant
and Appellant.

Nos. Cr.-62-70, Cr.-62-71. Decided May 28, 1962.

554

*E. Alcaraz Casablanca* for appellant. *J. B. Fernández Badillo,
Solicitor General,* and *Juan A. Farías, Asssistant Solicitor
General,* for appellee.

Division composed of Mr. Acting Chief Justice Pérez Pimentel,
Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

### JUDGMENT

Two informations were filed against Eleuterio Ra-
mos, known as Juan Ramos López, "for violation of § 10 of
Act No. 220 of 1948,"[1] 33 L.P.R.A. § 1256, which substan-
tially read as follows: "The said defendant . . . on or about
[date] . . . was acting as manager of *'bolipool bancas,'* and

---

[1] The offense defined in § 10 of the *Bolita* Act is a felony. It is
defined as follows: "Any owner, attorney in fact, agent, person in charge,
director or manager of the games prohibited by this Act shall be guilty
of a felony."

as such manager he distributed tickets on which were printed three-digit numbers which were and can be used in connection with the unlawful games known as *bolita* or *bolipool.*" He was tried by a jury and found guilty of violating § 4 of the Act *supra,*[2] 33 L.P.R.A. § 1250, which in general terms punishes the possession or transportation of material which may be used in the games prohibited thereunder.

The prosecution evidence consisted in the testimony of an undercover agent, who testified substantially that on two occasions he saw the defendant taking out from the pocket of his pants some *bolipool* tickets and hand them to two different persons, and that the agent asked them for the number and he was told that it was not possible to comply with his wishes because the numbers had been "ordered." The defendant attempted to prove that those transactions were not carried out and that defendant is engaged in his occupation of public carrier. Clearly the jury gave credit to the prosecution evidence.

In addressing itself to the jury on the verdicts which they could return, the trial court stated as follows:

 "If the jury believes beyond a reasonable doubt that this defendant . . . *was acting as manager of the bolipool bancas and that as such manager he distributed tickets on which were printed three-digit numbers which were and can be used in connection with the unlawful game known as bolita or bolipool* in combination with the pools or *bancas* of the race tracks of Puerto Rico and clandestine lotteries and the lottery of Puerto Rico, in such case it is your duty to find defendant guilty of two offenses for violation of § 10 of Act No. 220 concerning

---

[2] Section 4 reads as follows:

"Any person caught carrying or transporting or who has in his possession for any reason any *papeleta, billete,* ticket, notebook, list of numbers or letters, slips, or implements which can be used for the unlawful games of *bolita, bolipool,* combinations connected with the pools or *bancas* of the race tracks of Puerto Rico, and clandestine lotteries, and any person who possesses, sells, or in any way transports these or any other similar ones which may be utilized or used in said unlawful games or connected with the practice thereof, shall be guilty of a public offense."

*bolipool* of Puerto Rico. You would have to find him guilty on count G61–81A, which refers to the transaction of October 8, 1960, and guilty on count G61–82A which refers to the transaction of November 9, 1960.

"If you believe beyond a reasonable doubt *that this defendant was not acting as manager but he did distribute tickets on which were printed three-digit numbers which were and can be used in connection with the unlawful game known as bolita and bolipool, in connection with the pools or bancas of the race tracks of Puerto Rico and clandestine lotteries,* and the lottery of Puerto Rico; that is, if you believe beyond a reasonable doubt *that he was not acting as manager but did possess that material which is described in the informations* while he distributed and delivered it to other persons, that is, that the peace officer caught him bearing or transporting or having in his possession, for any reason, any *papeleta,* ticket, notebook, list of numbers or letters, tickets or implements which could be used for the unlawful game of *bolita, bolipool,* combinations in connection with the pools or *bancas* of the race tracks of Puerto Rico and clandestine lotteries, or that he possessed, sold or in any way transported them (namely, the tickets) or any other similar ones which may be utilized or used in such unlawful game, or connected with the practice thereof, in that case it is your duty to find him guilty of violation of § 4 of Act No. 220 on *bolipool.* And in such case to have or possess and transport, for any reason whatsoever, is a misdemeanor; in other words, that the fact of being the manager of *bolipool bancas* or owner or possessor, in the capacity of manager or in charge thereof, *is an aggravating circumstance which makes the offense provided in § 10 a felony.* If he possesses for any reason the material which is being transported, in that case it would be a violation of § 4, which is a misdemeanor. If you believe beyond a reasonable doubt that he did not manage but did have the *bolita* material for some reason, in that case it is your duty to find him guilty of violation of § 4." (Italics ours.)

The principal issue in this petition for appeal is whether under an information for the offense provided in § 10 —management of a *bolita* or *bolipool banca*— defendant may be found guilty of a violation of § 4—possession and transportation of *bolita* material.

In Criminal Law and Procedure, Vol. 4, p. 752 § 1888 (1957 ed.), WHARTON states the general rule as follows: "When an indictment charges an offense which includes within it another, lesser offense, or one of a lower degree, the defendant, although acquitted of the higher offense, may be convicted of the lesser . . . The statement of the general rule necessarily implies that the lesser crime must be included in the higher crime with which the accused is specifically charged and that the averment of the indictment describing the manner in which the greater offense was committed must contain allegations essential to constitute a charge of the lesser . . . If the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater." See *People* v. *Negrón*, 77 P.R.R. 741, 746–47 (1954); § 286 of the Code of Criminal Procedure, 34 L.P.R.A. § 817;[3] 42 C.J.S. § § 271 and 284; *cf. Turpin* v. *State*, 114 S.W.2d 953 (Tenn. 1938); *State* v. *Small*, 293 S.W. 796 (Mo. 1927); *State* v. *Moon*, 283 S.W. 468 (Mo. 1926).

Under the provisions of a statute similar[4] to ours which defines as separate offenses the promoting of lotteries (felony) and the possession of material of that prohibited game (misdemeanor), in Florida the conviction for the lesser offense under an information for the greater offense has been sustained where the facts charged inform the accused sufficiently that the fact of the possession is an element of the offense alleged. *Nelson* v. *State*, 83 So.2d (687 (Fla. 1955), ratified and distinguished in *Holliday* v. *State*, 104 So.2d 137, 140–41 (Fla. 1958).

---

[3] That section reads in part as follows: "The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged."

[4] F.S.A. (Supp. 1961) § 849.09.

An examination of the informations filed in these cases shows that defendant Ramos was charged with managing a *bolita banca*, and that as such manager he *"distributed* tickets on which were printed three-digit numbers which were and can be used in connection with the unlawful games known as *bolita* or *bolipool*." There is no question that among the factual elements included in the statement of the information is the element of possession of material. Since this is so, defendant could be convicted of violation of § 4. It is clear that he was sufficiently informed that he was charged with possessing material which he distributed, and that his opportunities of defense were not prejudiced in any way, since the latter consisted in denying any connection with such unlawful game.

The other error assigned—examination by the district attorney of a defense witness as to whether he had been charged with betting on the *bolita*—was not prejudicial. Independently of whether the witness in his answer conveyed to the jury the impression that he had not been convicted, from the evidence as a whole it can not be inferred that it affected the defendant since the district attorney himself made it clear that "the information of an offense, by itself, has no legal implication." *People v. Archeval*, 74 P.R.R. 478 (1953).

The judgments rendered by the Superior Court, Mayagüez Part, on June 20, 1961 will be affirmed.

It was so decreed and ordered by the Court as witnesses the signature of the Acting Chief Justice.

(s) Pedro Pérez Pimentel
*Acting Chief Justice*

I attest:

(s) Ignacio Rivera
*General Secretary*