170 So.2d 319 (1964)
Amos H. MILLER and Doris Miller, Appellants,
v.
STATE of Florida, Appellee.
No. 4755.
District Court of Appeal of Florida. Second District.
December 9, 1964.
Rehearing Denied January 11, 1965.
*320 John Duffy, Clearwater, for appellants.
James W. Kynes, Atty. Gen., Tallahassee, Robert G. Stokes, Asst. Atty. Gen., Lakeland, for appellee.
ALLEN, Acting Chief Judge.
Appellants, a husband and wife, were informed against and tried for aiding and assisting in the setting up, promoting and conducting of a lottery. Fla. Stat. § 849.09 (d), F.S.A. A jury's verdict of guilty was returned, Amos Miller was convicted and sentenced, and Doris Miller was placed on probation. They now appeal.
The information underlying the prosecution in this cause charged that appellants committed the aforementioned crime "by having in their possession numerous *321 lottery tickets, records showing the sales in said lottery * * * and money, said money being the proceeds of the sales of chances in said lottery * * *." In proof of this charge the State produced seven witnesses, all law enforcement officers, six of whom testified as to the conduct and fruits of a search of premises occupied by appellants and one of whom testified as to the significance of the papers, pads, envelopes and money recovered by the search, identifying them as "paraphernalia in a Bolita operation, the type of paraphernalia that would be maintained and retained by a Bolita writer." The testimony of the officers who conducted the search indicates that appellant Amos Miller was apparently the owner and clearly in possession of the premises searched and that his wife, appellant Doris Miller, and their four children occupied the premises with him.
Doris Miller's conviction, resting on nothing more than occupancy of the premises with her husband and children, must be reversed. The mere facts of the conjugal relationship and the joint occupancy of premises consistent with that relationship cannot, in the absence of evidence of knowing complicity, make one mate liable for the criminal activities of the other. Alspaugh v. State, Fla.App. (2nd) 1961, 133 So.2d 587, cert. denied Fla., 139 So.2d 693. Cf. Vostre v. State, 1940, 142 Fla. 366, 195 So. 151; West v. State, Ga. App. 1946, 74 Ga. App. 453, 40 S.E.2d 156; State v. Bazoukas, 1939, 226 Iowa 1385, 286 N.W. 458.
Amos Miller's conviction rests on somewhat firmer grounds, the possession of premises upon which a large quantity of lottery paraphernalia was found. While it has been held that possession of one "tally sheet" for a lottery of undisclosed date was not sufficient to justify a conviction of "being interested in or connected with a lottery," Holliday v. State, Fla.App. (1st) 1958, 104 So.2d 137, we are of the view that upon proof of possession of lottery paraphernalia in the quantity indicated by the record in the instant case a jury could be justified in determining that the person charged with such possession had actively participated in the promotion and conduct of a lottery. We reject appellants' contention that because possession of lottery paraphernalia is a misdemeanor under Fla.Stats. § 849.09(f) and (h), F.S.A., such possession cannot constitute proof of the felony defined in Fla. Stat. § 849.09(d), F.S.A. As was noted in the aforecited Holliday case, possession of lottery paraphernalia (a misdemeanor) coupled with circumstances surrounding such possession may suffice to warrant the conclusion that the possessor was aiding the promotion and conduct of a lottery (a felony). The quantity of paraphernalia indicated by the record in the case sub judice constitutes a circumstance warranting the conclusion that the possessor was guilty of the greater crime.
While proof that appellant Amos Miller was in possession of lottery paraphernalia and thus possibly guilty of a misdemeanor, did not, as aforesaid, preclude his conviction of a greater offense based upon this and other proof, it did require that the jury be charged as to the lesser offense. E.g. Goswick v. State, Fla. 1962, 143 So.2d 817. The lower court's failure to instruct the jury as to the lesser included offense requires reversal of Amos Miller's conviction.
Having determined that this cause must be remanded to the trial court for dismissal of the charge against Doris Miller and a new trial for Amos Miller, we deem it appropriate to comment upon one other matter presented to us, appellants' insistence that the lower court erred in failing to suppress the evidence obtained by the search of the premises. Appellants argue that execution of the warrant was fatally defective in that the officer failed to announce his authority before breaking into the premises and failed, subsequently, to serve a copy of the warrant upon the person named therein. *322 See Fla.Stats. §§ 933.09 and 933.11, F.S.A. We find the latter contention without merit. The warrant indicated probable cause to believe that a named individual, Doris Miller, was violating the law on specifically described premises and authorized a search of the premises. Upon executing the warrant a copy was read in the presence of both the named individual, Doris Miller, and the person apparently in possession of the premises, Amos Miller, and was subsequently delivered to the latter. In our view this procedure complied with the mandate of Fla. Stat. § 933.11, F.S.A.
With respect to the officer's alleged failure to announce his authority and be refused admittance before breaking and entering the premises, we note that the matter is argued here upon the basis of the officer's testimony at both the preliminary hearing and a subsequent hearing on a motion to suppress the evidence obtained on the premises, while the lower court ruled apparently on the basis of the latter testimony alone. Appellants' argument makes it clear that they consider the initial testimony significant, both in explaining and, to some extent, impeaching the subsequent testimony, but they do not demonstrate that it was presented to or considered by the lower court.
Since trial of this cause, our Supreme Court, in Benefield v. State, Fla. 1964, 160 So.2d 706, has laid down certain principles with respect to an officer's obligation to announce his authority before acting thereunder which may, though we do not so rule, be of significance in the instant case. This fact, and the additional fact that testimony of potential significance (again we disavow any determination as to such significance) was apparently not considered nor called to the attention of the lower court, coupled with the disposition of the cause herein made, persuade us that it is unnecessary and inappropriate that we determine the issue of the legality of the entry and search raised by the motion to suppress and merely remand the cause for disposition as hereinbefore indicated, without prejudice to such further acts, not inconsistent with our judgment and opinion herein, as the parties and lower court may deem appropriate.
Reversed and remanded.
WHITE, J., and SMITH, D.C., Associate Judge, concur.