HENDRY, Chief Judge.
This is an appeal by the defendants from a judgment and sentence following a non-jury trial and conviction on two counts of an information for gambling law violations. Both defendants were sentenced to six months in the County Jail for possession of lottery tickets, a misdemeanor, in violation of § 849.09(1) (h), Fla.Stat, F.S.A., and to one year in the County Jail for unlawfully *693 aiding or assisting in the conducting of a lottery, a felony, in violation of § 849.09(1) (d), Fla.Stat., F.S.A., the sentences to run concurrently.
A detective of the Dade County Sheriff’s Department accompanied by two members of the State Attorney’s office arrived at a gas station located at 14585 N. W. 22nd Avenue, Miami, Florida, armed with a search warrant. When entering the office of the gas station, defendant-Brown was found sitting at a desk writing an alleged bolita ticket. At this time, defendant-Stewart was outside the office. Stewart, who was the owner and operator of the station, was ordered inside. A search of the premises revealed the following items. On top of the desk, in front of Brown, lay a cigar box with $3.73 in it and a narrow pad and ballpoint pen next to it. In an open drawer to the left of Brown was found another cigar box containing $112.05 and numerous slips of paper. Also in the drawer were two brown manila envelopes containing $68.80 and $345, respectively. An envelope containing memo pads was found on a shelf behind the desk, and under the blotter on the desk were some loose slips of paper. Two of the officers, testifying as experts, stated that the material found is used in writing lottery tickets, in checking up on lotteries and in keeping records of winning lottery numbers.
The defendants present the following points on this appeal:
(1) Whether the trial court erred in denying a motion to suppress the evidence seized in an alleged illegal search and seizure;
(2) that the convictions are not sustained by substantial evidence;
(3) whether the sentences were properly imposed.
As to the first point, the defendants contend that the search warrant was not legally sufficient because it failed to name or describe the person or persons alleged to have been violating the laws of this state. Section 933.04, Fla.Stat., F.S.A. provides that “no search warrant shall be issued except upon probable cause, * * * particularly describing the place to be searched and the person and thing to be seized.” The affiant disclosed in the affidavit in support of the search warrant that the premises in question were being used in violation of the lottery laws by a colored male, whose name was unknown. At trial, it affirmatively appeared that the affiant did not know the name of the owner of the premises at the time he prepared the affidavit, nor the name of the persons alleged to be violating the gambling laws. The prevailing view in this state is that if the name of the person is known it shall be given, but if not known, the name or description is not required.[1] Therefore, the search warrant was executed properly and the trial court was correct in denying the defendants’ motion to suppress the evidence.
As to the second point, the defendants argue that the possession of lottery paraphernalia, without more, is insufficient to support a conviction for aiding or assisting in the conducting of a lottery. The defendants rely on the decision in Holliday v. State, Fla.App.1958, 104 So.2d 137, 143, wherein Chief Judge Sturgis, speaking for the First District said:
“ * * * Thus, the bare circumstance of being found in possession of paraphernalia commonly used in promoting or conducting a lottery, though admissible in evidence for whatever value it may have in support of the inference that the party found in possession was, within the statutory period embraced by the information or indictment, interested in a live lottery, that circumstance standing alone is inadequate to support conviction of the felony.”
Subsequently, in Gaston v. State, Fla.App. 1960, 118 So.2d 83, the same court in a per *694 curiam decision explained that the state’s main witness in the Holliday case, supra, effectively destroyed any implication or reasonable inference which the jury might otherwise have drawn that the lottery there charged was in fact a live lottery yet to he played or to a lottery which had been played within two years prior to the date of the indictment. The court went on to find that the state’s evidence in the Gaston case did not destroy the implication but in fact created a reasonable inference that the lottery paraphernalia related to a live lottery or one played within two years and affirmed the conviction. In Miller v. State, Fla.App.1964, 170 So.2d 319, 321, Judge Allen, Acting Chief Judge, speaking for the Second District, said:
“ * * * While it has been held that possession of one ‘tally sheet’ for a lottery of undisclosed date was not sufficient to justify a conviction of 'being interested in or connected with a lottery,’ Holliday v. State, Fla.App.(1st) 1958, 104 So.2d 137, we are of the view that upon proof of possession of lottery paraphernalia in the quantity indicated by the record in the instant case a jury could be justified in determining that the person charged with such possession had actively participated in the promotion and conduct of a lottery.”
We are in accord with the above line of decisions and find they are determinative of the issue before us. We therefore hold that the evidence was sufficient to support the convictions as to the felony charge of Brown, who was found writing on a portion of the lottery paraphernalia seized, and of Stewart, who was not only the owner but physically present and clearly in possession and in charge of the operation of the premises, —circumstances which warrant the conclusion that they were guilty of the felony.
As to the final point, we have found that the trial court erred in sentencing the defendants on each count. Only one sentence is applicable and that sentence should be on the highest offense charged.[2] We have not decided the merits of the convictions upon the misdemeanor charge as they will be reviewable, following appropriate sentencing, in the Circuit Court of Dade County, pursuant to Article V, §§ 5 and 6 of the Constitution of the State of Florida, F.S.A.
Accordingly, the judgment appealed from as to the felony charge is affirmed and the cause remanded for proper sentencing consistent with this opinion.
Affirmed in part, and remanded with directions.

. Harvey v. Drake, Fla.1949, 40 So.2d 214; Church v. State, 151 Fla. 24, 9 So.2d 164 (1942).

. Sharon v. State, Fla.App.1963, 156 So.2d 677.