HENDRY, Judge.
The defendant, Walter Robinson, was charged in a two count information with violations of the Florida gambling laws. At trial, a directed verdict of acquittal was granted as to Count II. Count I charged defendant with a violation of § 849.09(1) (d), Fla.Stat., F.S.A., which reads:
“849.09 Lottery prohibited. — (1) It shall be unlawful for any person in this state to:
He H= H= * * *
“(d) Aid or assist in the setting up, promoting or conducting of any lottery or lottery drawing, whether by writing, printing or in any other manner whatsoever, or be interested in or connected in any way with any lottery or drawing * * * »
Defendant entered a plea of not guilty and waived trial by jury. Upon trial, the defendant was adjudicated guilty and sentenced to a term of one (1) year in the state penitentiary.
On appeal, the defendant contends that the evidence is insufficient to support a conviction of the offense charged. We agree with this contention and reverse.
The only evidence presented at trial in support of the state’s case was the testimony of the arresting officer, together with certain pads and slips of paper. The officer testified that he did not see the defendant write a lottery ticket. He further testified that he and two other officers had found numerous alleged lottery tickets concealed in boxes and stacks of old clothes located in various places in and around defendant’s cleaning establishment. Defendant, testifying in his own behalf, denied knowledge of any of the lottery tickets, and further asserted that his deceased wife had previously operated the place of business while engaged in lottery activity, but that he had left his wife in 1963, returning to take over the business upon her demise in 1964.
*344 We recognize that the judgment of guilt comes to this court carrying with it a presumption of correctness; that all inferences to be drawn from the evidence are to be in favor of guilt; and, that an appellate court need only find substantial, competent evidence to support the verdict. Crum v. State, Fla.App.1965, 172 So.2d 24, and authorities cited therein.
Nevertheless, we are of the opinion that the conviction must be reversed for lack of evidence to support it. We analogize this case to the case of Holliday v. State, Fla.App. 1958, 104 So.2d 137, at 143, wherein it is said:
“ * * * thus the bare circumstance of being found in possession of paraphernalia commonly used in promoting or conducting a lottery, though admissible in evidence for whatever value it may have in support of the inference that the party found in possession was, within the statutory period embraced by the information or indictment, interested in a live lottery, that circumstance standing alone is inadequate to support conviction of the felony.
“We do not mean to infer or hold that the circumstances surrounding the possession of lottery paraphernalia may not, when coupled with such possession, be sufficient to warrant the conclusion that it was used by the accused in connection with a live lottery, that being a matter for the jury in each case. It is a lack of competent evidence to support conviction of the felony that compelled our reversal in this case.”
We consider the case of Brown v. State, Fla.App.1966, 184 So.2d 691, and Miller v. State, Fla.App.1964, 170 So.2d 319, to be in support of our holding here, differing from this case and the Holliday case, supra, only in the amount and degree of competent evidence contained in the record.
Having concluded that the conviction in this case must be reversed for lack of substantial competent evidence in the record on appeal, we find it unnecessary to consider or discuss appellant’s remaining contentions. Therefore, for the foregoing reasons, the judgment appealed is reversed.
Reversed.