PEARSON, Judge.
Jean Parks Lattimore, defendant in the Criminal Court of Record, appeals from a judgment of guilty entered at the conclusion of a trial without jury. She was found guilty upon two counts: (1) possession of lottery tickets in violation of § 849.09(1) (h) Fla.Stat., F.S.A.; (2) aiding and assisting or having an interest in a lottery in violation of § 849.09(1) (d). The single point presented urges that the evidence was insufficient to support the conviction on either count.
The record reveals that two police officers with a search warrant arrived at the appellant’s residence at about 9:30 on a Saturday morning. The officers were admitted into the appellant’s house by her or by one of her children and proceeded to conduct a search. The search produced the following lottery paraphernalia which was introduced into evidence: (1) lottery slips found on the rear porch of the appellant’s residence; (2) lottery slips with notations and run-down tapes found in the appellant’s bedroom behind her dresser; (3) lottery slips in a transmittal envelope found in the appellant’s bedroom in her dresser drawer; (4) transmittal envelopes showing the wins, credits, and debits and run-down tapes found on the rear porch; (5) a pad showing the names of various persons and the amounts wagered by them on various numbers found on the appellant’s dresser. The officers also found a small fire containing burning bolita slips.
The appellant testified that she resided at the house where at the time she was arrested the residents of her house were herself; her two children; her lover, Robert Kimbell; and another woman. Kimbell was sleeping in the appellant’s bedroom when the officers entered the house.
The appellant urges that the evidence was insufficient to prove she had possession of lottery tickets. She relies upon Borrego v. State, Fla.1952, 62 So.2d 43; Frank v. State, Fla.App.1967, 199 So.2d 117; and Markman v. State, Fla.App.1968, 210 So.2d 486. We doubt that the appellant can by introducing her lover into her bedroom raise the legal presumption that he is in control of the premises. The ap *772 pellant did not testify that the house was Kimbell’s; rather, she testified that he was living' with her. Even if there were sufficient evidence to establish a joint control of the bedroom, we think the circumstances of this case establish the appellant’s possession of lottery tickets.
The facts of the Borrego case distinguish it from the case before us. There, the Supreme Court of Florida held that there was no scintilla of evidence to show that Rose Borrego was in possession of any kind of tickets. Here, there is a mass of evidence showing Jean Lattimore was in possession of lottery tickets. Frank dealt with possession of a vial of marijuana; its basic holding is that before one may be convicted of possessing narcotic drugs, the State must establish beyond a reasonable doubt that the accused knew of the presence of the drugs on premises occupied by him either exclusively or jointly with others. In the instant case we are concerned not with a small vial of marijuana but with a great many lottery tickets. These tickets were so located in appellant’s house that the finder of fact had a reasonable basis upon which to decide that the appellant knew of their presence in her house. The Markman case is of no avail to the appellant, because it tracks Frank, above, in a similar possession of narcotics situation. We hold that the evidence was sufficient to prove unlawful possession of lottery tickets by the appellant.
The count for aiding in a lottery is fully substantiated by the appellant’s possession of the tickets and the other paraphernalia of a “live” lottery. It is apparent that a lottery operation was being conducted in the appellant’s house; if it were being conducted by others, it could only have been conducted by them with her knowledge and assistance. See Brown v. State, Fla.App. 1966, 184 So.2d 691. The recent opinion of this court in Robinson v. State, Fla.App. 1967, 205 So.2d 343, does not announce a different rule but simply states that under the circumstances of that case (old lottery tickets found in a dry cleaning establishment) the possession of the premises was not sufficient to establish that Robinson had aided in conducting a lottery. Nor does Miller v. State, Fla.App.1965, 170 So.2d 319, aid the appellant. In Miller the Second District Court of Appeal reversed a wife’s conviction of aiding in a lottery holding:
“The mere facts of the conjugal relationship and the joint occupancy of premises consistent with that relationship cannot, in the absence of evidence of knowing complicity, make one mate liable for the criminal activities of another.”
In the present case there was no conjugal relationship and there was evidence of knowing complicity.
.Affirmed.