WALDEN, Judge.
This is an appeal from an order enjoining Yellow Cab Company of Boca Raton from picking up passengers at Fort Lau-derdale airport. We affirm.
Broward County had filed a complaint for declaratory and injunctive relief against Yellow Cab of Boca Raton and Airocar Inc. seeking an injunction restraining Yellow Cab from interfering with the exclusive franchise rights granted Airocar and prohibiting Yellow Cab from picking up passengers at the airport.
Broward County, pursuant to the authority granted to it in Chapter 69-902, Laws of Florida, 1969, granted Airocar, Inc. an exclusive franchise on May 26, 1970, to conduct a common carriage airport limousine service for the purpose of transporting airline passengers from the Passenger Terminal Building at the Airport to all points in Dade, Broward and Palm Beach Counties. Yellow Cab counterclaimed for an injunction restraining Broward County and Airocar from interfering with their picking up prepaid interstate passengers, charging that Broward’s actions constituted an unreasonable burden on interstate commerce as applied to the prearranged, pres-cheduled, pre-reserved ground transportation of travelers by Yellow Cab.
In February 1972 the County’s motion for temporary injunction was denied and Yellow Cab given time to secure appropriate licenses to conduct “interstate operations”. There is no showing in the record that appellant applied to Broward County, the Public Service Commission, or anyone else for a license as suggested in the February 1972 order. In September 1972 a final order was entered enjoining Yellow Cab from picking up passengers and transporting them from the airport.
Initially, we point out the trial court correctly observed in its order'.denying Broward County a temporary injunction that the activities of Yellow Cab in connection with picking up interstate “package” or “prepaid” passengers are within the purview of interstate commerce. See United States v. Yellow Cab Co., 1947, 332 U.S. 218, 67 S.Ct. 1560, 91 L.Ed. 2010; Great Northern Railway Co. v. Thompson, D.N.D.1963, 222 F.Supp. 573; Southerland v. St. Croix Taxicab Ass’n, 3d Cir. 1963, 315 F.2d 364; Grayline Sightseeing Tours, Inc. v. Red Top Sedan Service, Inc., S.D. Fla. opinion filed September 14, 1971, Case No. 69-1155-Civ-WM.
Part II, § 203(b) (7a), of the Interstate Commerce Act, provides:
“(b) Nothing in this part, except the provisions of section 204 relative to qualifications and maximum hours of service *3 of employees and safety of operation of standards of equipment, shall be construed to include . . . ; .
(7a) the transportation of persons or property by motor vehicle when incidental to transportation of aircraft;
If the passengers have had or will have an immediately prior or immediately subsequent movement by air and the zone within which the incidental motor transportation falls does not exceed a twenty-five mile radius of the airport boundaries, the motor transportation is considered “motor transportation of passengers incidental to transportation by aircraft” within the scope of § 203(b) (7a). 49 C.F.R., § 1047.45. As explained in an opinion at 95 M.C.C. 526, motor transportation of passengers incidental to air transportation as defined at 49 C.F.R. § 1047.45 is exempt from the certificate and permit requirements of the interstate commerce act. The transportation provided here by Yellow Cab is incidental to air transportation within the meaning of § 203(b) (7a) in that the passengers have an immediately prior or subsequent flight and are transported to a place (the Boca Raton Hotel) within a twenty-five mile radius of the airport. We take judicial notice of this last fact. Miller v. State, Fla.App.1964, 170 So.2d 319.
The underlying question then is, who is entitled to license carriers providing motor transportation incidental to prearranged interstate air transportation as here described ?
It is clear that the county does not have the power to totally prohibit the mentioned operation. However it does have the power to license and impose reasonable regulations regarding operations:
“It is well established that a State or city may validly regulate interstate commerce ‘as long as there is a real relation to the suitable protection of the people of the state and the regulation is reasonable in its requirements.’ . . . But the principle that ‘a State may enact local laws under its police power in the interest of the welfare of the people, although they affect interstate commerce’ until the area of regulation is preempted by Congress, is not applicable where the State or local government ‘passes beyond the exercise of its legitimate authority, and undertakes to regulate interstate commerce by imposing burdens upon it.’ ” (Cites omitted.) Park’N’Fly of Texas, Inc. v. City of Houston, S.D.Tex.1971, 327 F.Supp. 910.
While we have no advisory capacity, we would suppose that the county would be empowered to consider matters such as safety, operational fees, procedural safeguards, restrictions on the carrier to operate within its exceptional status, and insurance.
It should be pointed out that this case has not been without its difficulties due perhaps to its novelty. Further, as best as we can glean, it would seem that the appellant has taken an inconsistent position in that seemingly in the trial court its stance was that it was not subject to licensing and control by any public body, whereas it now concedes before us that, at least the county, is empowered to license it and impose reasonable restrictions and regulations. This confusion may have been compounded by the fact that this situation was altogether new to the county and it had not, at least to date, considered the question and provided machinery and criteria whereby such licenses might be issued and the carrier’s activities supervised.
Regardless of possible procedural imperfections and problems, it is paramount that the county cannot bar appellant from functioning due to the exclusive franchise to Airocar, Inc. as such action constitutes an improper burden upon interstate commerce. Park’N’Fly of Texas, Inc. v. City of Houston, supra; Souther- *4 land v. St. Croix Taxicab Ass’n., 3d Cir.1963, 315 F.2d 364.
We are of the opinion that appellant, by its own conduct, has failed to qualify to pick up passengers at the Fort Lauderdale Airport under the exceptions for which it contends. This failure is exactly due to the fact that, after having notice and the opportunity to do so, it did not submit itself to the authority of Broward County and did not apply to it for licensing in order that the County could impose such reasonable regulations and supervision as was earlier mentioned herein. Thus, while we recognize that while appellant may be entitled to operate within the guidelines and limitations mentioned, it has not yet won its entitlement and the trial court was correct in refusing it permission to pick up passengers at the Airport without bridle or regulation. We affirm without prejudice to appellant’s right to apply for licensing and to otherwise qualify in manners and ways consistent herewith.
OWEN, C. J., and SMITH, CULVER, Associate Judge, concur.