83 So.2d 687 (1955)
Isaac NELSON, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida. Division B.
December 2, 1955.
M.H. Jones, Clearwater, for appellant.
Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for appellee.
THOMAS, Justice.
The appellant pleaded not guilty to two counts of an information charging violations of the law denouncing lotteries, was found guilty of offenses lesser than the ones charged, and was sentenced to serve one year at hard labor in the county jail.
The prosecution was instituted in the circuit court and in both counts of the information the appellant was charged with the commission of felonies. In the first he was alleged to have aided and assisted in promoting a lottery known as Cuba or bolita "by having in his possession lottery tickets" and so on, and in the second he was alleged to have been connected with such a lottery by "selling * * * chances" and so forth.
Although the charges were promotion of a lottery and connection with a lottery in the manner quoted, the jury found the appellant guilty only of "possession * * * as included in the first count" and "selling * * * chances * * * as included in the second count."
The appellant now questions the legality of the judgment because he was prosecuted for felonies and was adjudged guilty of misdemeanors. He asks whether the offenses, misdemeanors and felonies, defined *688 in Chapter 26765, Laws of Florida, Acts of 1951, Sec. 849.09, Florida Statutes 1953, and F.S.A., can be one substantive offense, where there is one criminal transaction, so that the misdemeanors may be of lesser degree and the felonies of higher degree, as in the case of homicide, or are all of them substantive offenses.
We think that when, as in this case, a person is charged with the felonies of promoting a lottery by possessing tickets and at the same time being interested in a lottery by engaging in the sale of tickets, the promotion of the lottery, under paragraph (1) (a) of Sec. 849.09, supra, includes the element of possession of tickets, and an interest in a lottery or connection with a lottery under paragraph (1) (d) of Sec. 849.09, supra, includes the business of selling chances on the lottery. In one instance the possession of tickets is but a facet of the promotion, and in the other, the sale of tickets is but a facet of a connection with the lottery or an interest in the lottery, Wheeler v. State, Fla., 72 So.2d 364.
Although the lesser activities may be distributed among many persons so that each might be guilty only of a misdemeanor, if the facets are concentrated in one person, he may be guilty of a felony.
Therefore, we conclude that when the appellant was charged with the felony of assisting in the conducting of a lottery by possessing tickets, the felony of promoting the lottery embraced the misdemeanor of possessing the tickets; and that when he was charged with having an interest in a lottery or connection with a lottery "in that he did engage in the business of selling * * * chances" the felony of connection and interest included the misdemeanor of selling chances. In such case the jury was warranted in finding the appellant guilty of the lesser violations.
Affirmed.
DREW, C.J., and ROBERTS and O'CONNELL, JJ., concur.