RAWLS, Judge.
Appellant Hattie Alderman was charged in the circuit court of Volusia County with being “interested in and connected with a lottery, commonly known as Bolita in that she received and collected money and records of the sale of chances on a lottery for money.” [1] Such charge constituted a felony as provided in subsection 849.09(d). The trial judge instructed the jury as follows :
“Now, as a lesser included offense, included in this charge is:
“It shall be unlawful for any person in this State to sell, offer for sale any lottery ticket, whether such ticket represents an interest in a live lottery not yet played, or whether it represents or has represented an interest in a lottery that has already been played.”
The jury found defendant guilty of selling or offering for sale lottery ticket or tickets. Thus, the critical question with which we are here concerned is whether the information as framed put the defendant on notice that she was subject to being convicted of the offense of selling or offering for sale lottery ticket or tickets.
F.S. section 849.09 F.S.A. provides for two classes of lottery crimes — felonies and misdemeanors. It is not disputed that Appellant was charged with a felony as provided in subsection (d), but convicted of a misdemeanor as provided in subsection (g). In Nelson v. State,[2] defendant was charged with the felony of promoting a lottery known as Cuba or Bolita “by having in his possession lottery tickets” and so on, and in the second count he was alleged to have been connected with such a lottery by “selling * * * chances” and so forth. The Supreme Court held that the language used in charging the felony clearly apprised the defendant of the lesser offense of “selling * * * chances” constituting a misdemeanor.
This court considered the same section in Holliday v. State.[3] There defendant had been charged by an information in three counts. Count I charged the defendant with having set up, promoted and conducted a lottery for money, commonly known as Cuba or Bolita. Defendant was acquitted by the jury on this count. Count II charged the defendant with having aided in such lottery by receiving and taking into possession money, tally or score sheet and record showing the betting on said lottery. As to this count the jury could not agree and mistrial was had upon same. The third count charged defendant of being “interested in or connected with” such lottery “in that he received or collected record of the sale of chances” thereon. The jury convict *637 ed defendant of the misdemeanor as outlined in subsection (h) — that is, having in his possession lottery tickets, etc. In holding that the information did not apprise defendant that he was being tried for the misdemeanor upon which he was convicted, Judge Sturgis, in speaking for this court, said:
“Casual inspection of count three of the information reflects that it is not sufficiently broad to put the appellant on notice that he was being charged with having had ‘in his possession’ any of the contraband specified in said paragraph (h). On the contrary, this count charges him with having an ‘interest in’ or being ‘connected in any way with a lottery or lottery drawing,’ which words substantially track part of the language of said paragraph (d). We are compelled, therefore, to conclude that it was never the intent to charge appellant with either of the misdemeanors or with the felony prescribed for second offenders, or that if such was the intent, the information fails to definitely or adequately state it.
* * * * * *
“We do not depart from the rule announced in Nelson v. State, Fla., 83 So.2d 687, to the effect that one charged with a felony under F.S. Sec. 849.09, F.S.A. may be convicted of a misdemeanor embodied therein where the information by apt language alleges the commission of acts which constitute the misdemeanor. The cited case affirmed conviction of defendant for the misdemeanor resulting from possession of lottery tickets pursuant to an information that charged him with the felony of assisting in the conduct of a lottery ‘by possessing tickets,’ * * * ” (Emphasis supplied.)
Of assistance in ascertaining the “aptness” of the language in the information in the case sub judice, is the comparison of the count considered in Holliday and the count set forth in the instant cause.
Holliday: “ * * * having been ‘interested in or connected with’ such lottery in ‘that he received or collected record of the sale of chances’ thereon.”
Alderman: “ * * * being interested in and connected with a lottery, commonly known as Bolita in that she received and collected money and records of the sale of chances on a lottery for money.”
Thus, it is apparent that the only substantial variance between the two is that the word “money” appears in the count charging defendant in the instant cause and is absent in the count set forth in Holliday.
It is our conclusion that the intended information does not, by apt language, allege the commission of acts which constitutes the misdemeanor of selling lottery tickets and that the trial judge was in error when he instructed the jury to the contrary.
The lowest member on the totem pole of a lottery operation is the seller. Thus, one may possess and sell a lottery ticket and not be guilty of the felony of being interested in a lottery. By like token, one may be interested in and connected with a lottery, receive and collect money and record the sale of chances on a lottery for money without selling. This defendant was charged with the administrative functions of conducting a lottery, not with being a seller of chances. Had the information contained apt words as set out in Nelson v. State, supra, then the Nelson rule would apply. However, since the information did not contain such apt words, the rule in Holliday must prevail.
The judgment is reversed.
STURGIS, C. J., RAWLS, J., and WILLIS, Associate Judge, concur.

. The information also charged appellant in a second count “ * * * on the 26th day of April, 1963, in the County and State aforesaid did sell, in person, a lottery ticket, * * * ” which count was nolle prossed.

. Nelson v. State, 83 So.2d 687 (Fla.1955).

. Holliday v. State, 104 So.2d 137 (Fla. App. 1st, 1958).