LILES, Judge.
On June 13, 1969, appellant Louis Oscar Fernandez was arrested in Hillsborough County for violation of the State’s lottery laws. It was charged in the information that Fernandez:
“did unlawfully aid or assist in the setting up, promoting or conducting of a lottery or a lottery drawing for money, commonly known as Bolita, Cuba and/or Bond, * * *”
Such charge constituted a felony as provided in F.S. § 849.09(1) (d), F.S.A. and F.S. § 849.09(2), F.S.A. Fernandez was tried, a jury’s verdict of guilty as charged in the information was returned, and Fernandez was sentenced to serve three years in the state penitentiary. From that conviction, appellant now brings this appeal.
At the trial, the trial judge instructed the jury as to the law applicable to the felony charge under Section 849.09(1) (d). However, the judge refused to instruct the jury on the law applicable to the sale in person or by mail or any other manner of any lottery ticket, coupon or share in an interest in a lottery, F.S. § 849.09(1) (g), F. S.A. The latter section is a misdemeanor, and it is contended by the appellant that it constitutes a lesser included offense to the charge of aiding or assisting in the setting up, promoting or conducting of a lottery for which appellant was convicted. It is contended that the refusal to so instruct constitutes reversible error.
We agree that in Florida the rule is quite clear that it is the duty of the trial court to charge the jury on lesser included offenses. See F.S. § 919.16, F.S.A., and Jimenez v. State, 158 Fla. 719, 30 So.2d 292 (1947). The obvious prerequisite to such a duty is that there be in fact such lesser included offenses to the offense charged. In the case now before us, the question thus is whether or not the misdemeanor set forth in Section 849.09(1) (g) is, in this case, a lesser included offense to the felony charge under Section 849.09(1) (d). If it is a lesser included offense, then the trial judge had a duty to instruct the jury on the law applicable to such offense; and failure to so instruct would constitute error. On the other hand, if it is not a lesser included offense, the trial judge was correct in refusing to instruct the jury on the law applicable to such offense.
The problem of lesser included offenses and jury instructions with reference thereto was thoroughly considered by the Supreme Court in Brown v. State, Fla.1968, 206 So.2d 377. The Supreme Court therein established the guidelines for determining what constitutes lesser included offenses. Such guidelines were determined after an examination by the court of F.S. § 919.-14 (1969), F.S.A., and F.S. § 919.16 (1969), F.S.A. The court there said that the quoted statutes suggested four categories or situations which have distinguishing characteristics. Those categories are:
“(1) Crimes divisible into degrees.
(2) Attempts to commit offenses.
*569 (3) Offenses necessarily included in the offense charged.
(4) Offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence.” Brown v. State, supra at 381.
The first three categories are not applicable to the facts of this case and they will not be considered further. However the fourth category, pertaining to offenses which may be included, merits further consideration. In that category, the lesser offense may or may not be an essential ingredient of the major crime charged depending upon the particular allegations of the accusatory pleading and the proofs tendered in support thereof.
“In this category, the trial judge must examine the information to determine whether it alleges all of the elements of a lesser offense, albeit such lesser offense is not an essential ingredient of the major offense alleged. If the accusation is present, then the judge must determine from the evidence whether it supports the allegation of the lesser included offense.” Brown v. State, supra at 383.
From the foregoing, it is clear that, in the fourth category, the lesser offense is a lesser included offense of the major crime only when the lesser offense is comprehended by the allegations of the information and supported by the proof. If such allegata and probata are present then there should be a charge on the lesser offense.
The Supreme Court in Brown, supra, pointed out the reason why the lesser offense must be comprehended by the allegations of the information, as well as supported by the proof, before such lesser offense will constitute a lesser included offense. That reason is the organic requirement that the accusatory pleading apprise the defendant of all offenses of which he may be convicted. Brown v. State, supra at 383.
The question for our consideration thus narrows itself to whether or not the misdemeanor offense of Section 849.09(1) (g) is comprehended by the allegations of the information and supported by the proof.
In Nelson v. State, Fla.1955, 83 So.2d 687, the defendant was charged in count one with aiding and assisting in promoting a lottery “by having in his possession lottery tickets.” In the second count he was alleged to have been connected with such a lottery by “selling chances” and so forth. Even though Nelson was charged with a felony under F.S. § 849.09(1) (d), F.S.A., the jury found him guilty only of “possession * * * as included in the first count” and “selling * * * chances * * as included in the second count” — both misdemeanors. He contended on appeal that he could not be adjudged guilty of misdemeanors because he was prosecuted for felonies. The Florida Supreme Court held that where the felony of assisting in the conducting of a lottery by possessing tickets was charged in the information, the misdemeanor of possessing the tickets was included in such charge. Likewise, where the felony of having a connection with a lottery by selling tickets was charged in the information, the misdemeanor of selling tickets was included in such charge.
This decision, though decided prior to the Brown case, is consistent with the Brown criteria in that the allegations of the information embraced the named therein misdemeanors.
In Holliday v. State, Fla.App.1958, 104 So.2d 137, the defendant was charged in the information with having been “interested in or connected with” a lottery “in that he received or collected record of the sale of chances” thereon. The court held that such was a felony charge under F.S. § 849.09(1) (d), F.S.A., and that it could not give rise to a misdemeanor conviction for possession of a lottery ticket under paragraph (h) of the statute in that the information failed to allege by apt language the commission of acts which constitutes the misdemeanor. There the court noted that *570 the information had substantially tracked the language of paragraph (d), pertaining to the felony charge.
The same result was reached in Alderman v. State, Fla.App.1964, 167 So.2d 635. There the defendant was charged with being “interested in and connected with a lottery, commonly known as Bolita in that she received and collected money and records of the sale of chances on a lottery for money.” Such charge constituted a felony as provided in Section 849.09(1) (d). The trial judge instructed the jury that the misdemeanor as provided in Section (g) was a lesser included offense of the felony as provided in Section (d). The defendant was convicted of the misdemeanor. The District Court reversed the conviction because the information, which had substantially tracked Section (d), failed to give the defendant notice that she was subject to being convicted for the misdemeanor under Section (g). The court there applied the rule as set forth in Holli-day and said:
“It is our conclusion that the intended information does not, by apt language, allege the commission of acts which constitutes the misdemeanor of selling lottery tickets and that the trial judge was in error when he instructed the jury to the contrary.” Alderman v. State, supra, 167 So.2d at 637.
The Nelson, Holliday and Alderman cases are consistent with the requirement in the Brown case that you can have a lesser included offense in the fourth category, as defined in Brown, only when the lesser offense is comprehended by the allegations of the information and supported by the proof. Holliday and Alderman show that a misdemeanor violation is not included in the felony charge under Section (d) when the information by apt language does not allege the commission of acts which constitutes the misdemeanors.
In the case before us, the information tracks the language of paragraph (d) in charging Fernandez with a felony. There is no apt language in the information which alleges the commission of acts which constitutes the misdemeanor which appellant contends the trial judge should have instructed the jury as to. This clearly indicates that such misdemeanor offense was not comprehended by the accusatory pleading.
Therefore, under the facts of the case, Section (g) is not a lesser included offense of the felony as alleged in the information-. The trial judge was not in error in refusing to instruct the jury as to the misdemeanor under Section (g).
We have examined the law and facts pertaining to appellant’s points two and three, and find them to be without merit.
The judgment is affirmed.
PIERCE, C. J., and MANN, J., concur.