255 So.2d 550 (1971)
Randall ANDERSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 70-477.
District Court of Appeal of Florida, Second District.
December 3, 1971.
*551 Law Offices of Henry Gonzalez, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
McNULTY, Judge.
We consider this day the troublesome and recurring question of when, in a criminal case, the defendant's requested jury instruction on a lesser included offense should be given when such lesser offense is not necessarily included within the major offense charged.
Appellant was tried and convicted of a felony under an information which charged that he, Randall Anderson:
"... on the 30th day of December, 1969, in the County of Hillsborough and the State of Florida, did unlawfully aid or assist in the setting up, promoting or conducting of a lottery or a lottery drawing for money commonly known as Bolita, Cuba and/or Bond, a further description of which is to the County Solicitor unknown, in violation of Section 849.09(1) (d), Florida Statutes [F.S.A.] ... ."
It is to be noted that the information sets forth the offense essentially in the general language of the statute cited therein, and there is no additional language employed which expressly alleges any overt act by which the defendant was supposed to have aided or assisted in the setting up, promoting or conducting of the lottery involved. Nonetheless, at trial, there was substantial prosecution evidence that on the day in question the appellant had sold a lottery ticket. If true, this would, of itself, constitute a misdemeanor condemned by subsection (g) of the aforesaid statute. But the state was merely relying on this evidence in addition to evidence of telephonic communications with known operators of a lottery to establish the charged felony of aiding or assisting. At the conclusion of the trial appellant requested a charge on the lesser offense of selling a share in a lottery but the trial judge refused. We consider this the principal meritorious point raised on appeal and we reverse.
Again, we are within the purview of Brown v. State.[1] In that case the question squarely before the court was whether a defendant under a robbery charge was entitled to a jury instruction on the lesser offense of larceny as necessarily included in robbery. The question was decided in the affirmative; but the court, through Mr. Justice Thornal, considered the entire plethora of included offenses and classified them into four categories, viz.,
"(1) Crimes divisible into degrees.
(2) Attempts to commit offenses.
(3) Offenses necessarily included in the offense charged.
(4) Offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence."
We are obviously concerned here, of course, with category (4) since it is clear, requiring no further elaboration we think, that the offense of "selling shares in a lottery" is not a necessarily lesser included offense to the crime of assisting in the conducting of a lottery, although it may be. More precisely, we are concerned only with that aspect of category (4) pertaining to the scope of the accusatory pleading since we can assume, as it is conceded, that there is sufficient evidence of the lesser *552 offense involved. Arguendo, too, we will assume sufficient evidence of a lesser offense in every instance throughout our entire discussion herein so that attention can be focused more clearly on the precise question before us.
Returning now to Brown on the point, the court observed, at p. 383, that:
"* * * the trial judge must examine the information to determine whether it alleges all of the elements of a lesser offense, albeit such lesser offense is not an essential ingredient of the major offense alleged. * * *"
Continuing:
"Here, we note the distinction between category (3) and category (4). In the former the lesser offense is an essential ingredient of the major crime charged. In the latter, it may or may not be depending upon the particular allegations of the accusatory pleading and the proofs tendered in support thereof. * * *"
Thus, it was said:
"* * * In category four situations the lesser offense must be comprehended by the allegations of the information and supported by the proof." (Italics supplied)
Here, counsel for the state argues that in view of this language in Brown the defendant is not entitled to the requested charge herein for the reason that the lesser offense is not alleged within the accusatory pleading and therefore is not "comprehended" thereby. He apparently construes Brown as requiring, in every category (4) case and regardless of who requests it, that a lesser offense be substantially spelled out in the information as a condition precedent to the giving of a jury charge thereon. We disagree.
In a category (4) case such as here, wherein the lesser charge is not "spelled out" in the accusatory pleading, we think there is a substantive difference whether a charge on such lesser offense is requested by the state or by the defendant. Accordingly, and before going further into our analysis of Brown, we cross the threshold of why it makes a substantive difference in these cases and we consider the potential impact the problems inherent in such difference could have on fundamental justice.
To begin with, it is aphoristic that an accused, not otherwise innocent, has an absolute right to be convicted of only that offense of which he is guilty. Correlatively, the state has no right to convict him of anything greater. The state does have the right, of course, indeed perhaps the duty, to seek a conviction on the highest offense which it in good faith believes the evidence will support; and it therefore controls the charge brought and the evidence in proof thereof. But the state's contention of higher guilt in any criminal case constitutes only an ex parte claim in an adversary proceeding. The accused, on the other hand, must stand faced with the charge as made; and there is no way under our law in which he can compel the prosecution to concede his claim of lesser culpability, or to accept a plea of guilty to an offense less than the one charged, notwithstanding that, in truth, the lesser charge may be all that he is guilty of. His only real chance is at the trial itself whereat he can either hope to rely on the weakness of the state's case as it pertains to the higher offense, or to present evidence of his own to try and persuade a jury that if he is guilty at all it is only of a lesser offense. It would therefore be manifestly unjust if the state, merely by limiting the language in an accusatory pleading, could prevent a defendant at trial from testifying or presenting evidence that he is only guilty of a lesser included offense and, at the same time, preclude the jury from ever deciding the question. Likewise, it would be equally unjust to permit the prosecution, again by limiting the language in an accusatory pleading, to leave the jury but one alternative to a not guilty verdict when its *553 own evidence might fall short of establishing the charged offense but be sufficient to support a lesser included offense. The underlying considerations of due process require that the defendant must have his full day; and the giving of a defendant's requested charge on all included offenses, assuming sufficient evidence thereon, certainly would not prejudice the state in the premises since it still would have its full day on the charge it chooses to bring, all the surrounding circumstances of which it had presumably fully investigated.
Now, getting back to Brown, it cannot be said of course that that case permits of opening the door to such injustice. So we carefully analyze the final observations made therein as to why that court was expressly concerned with the allegations in the accusatory pleading in a category (4) case. It concluded:[2]
"In all of these `major and minor' offense situations we are confronted by the organic requirement that the accusatory pleading apprise the defendant of all offenses of which he may be convicted. Fla. Const.Dec. of Rights, § 11; Robinson v. State, 69 Fla. 521, 68 So. 649, L.R.A. 1915E, 1215 (1915). In the first three categories, the offenses of which the defendant may be convicted can be determined from the information or indictment and the cited statutes. In category four situations the lesser offense must be comprehended by the allegations of the information and supported by the proof." (Italics supplied)
Obviously, at that point the court must necessarily have been concerned with a situation in which the state was seeking a charge on a lesser included offense or one in which such charge was given over the objection of the defendant. This is so because if the primary purpose of including the lesser offense within the allegations of the information is to "apprise the defendant of all offenses of which he may be convicted," it would hardly be a consideration when, by requesting a charge on the lesser offense or by acquiescing therein, the defendant himself is in effect asserting that he is fully aware that such lesser offense is in fact "comprehended by the allegations of the information." At the very least, he can't be heard to say he is unaware.
The dichotomy becomes clear, then. The defendant is entitled to a requested charge on a lesser included offense, whether it's spelled out in the accusatory pleading or not, because due process assures him a full day; on the other hand, the state may insist on such a charge only if the lesser offense is sufficiently "comprehended" by the pleading so as to satisfy fundamental "notice."
Now, at this juncture, it should be noted that we reach the same result herein as that reached by our Supreme Court in Goswick v. State[3] which, at first blush, might appear to be contra to the recent Supreme Court case of State v. Smith.[4] We submit, however, it is not. In Goswick the court held that a defendant's requested charge on the lesser offense of assault and battery should be given in a case charging aggravated assault if there is evidence to support it. But no mention was made there, nor consideration given, of the matter of the language in the accusatory pleading even though, as here, the lesser offense was not mentioned. The court was solely concerned with evidence[5] of the lesser offense. Subsequent to that case, however, and after Brown, some confusion apparently arose concerning whether the two cases are in conflict as to requisite allegations in the pleading. They are not. Apart from *554 the fact that each was authored by Mr. Justice Thornal, and thus consistency is most likely, the Brown court did not even consider the question which was squarely decided in Goswick nor did it precisely have before it a question of pleading at all. Nevertheless, as indicated, at least some misunderstanding arose which that court sought to clarify in Smith. There the court stated:[6]
"* * * the Goswick case apparently held that a lesser offense is one which may or may not be included in the offense charged depending on the evidence, while the Brown case held that a lesser included offense is one which may or may not be included in the offense charged depending on the accusatory pleading and the evidence. * * *
In order to avoid any further confusion, we reaffirm the opinion and decision in Brown v. State, supra, and recede from any portion of the opinion in Goswick v. State, supra, which may be in conflict therewith. * * *"
But significantly, Goswick was not overruled nor its holding disturbed,[7] and a further study of Smith reveals, we think, that our rationale here is in full accord therewith as is the conclusion reached in Goswick. The offense charged in Smith was conspiracy to commit first degree murder. The trial court charged the jury on the lesser offense of conspiracy to commit assault and battery, as included therein, to which the defendant did not object. The jury returned a verdict of guilty on the lesser charge and the defendant then appealed urging, for the first time, that since the lesser charge was not included in the offense as framed in the information it was improper to charge thereon.
While the Smith court undertook to clarify any apparent conflict between Goswick and Brown, as we've noted, it was nevertheless patently unnecessary thereafter to go into the precise aspect of the problem with which we are here concerned. To fully understand this it is perhaps necessary to take note of the unusual posture of that case as it stood before the Supreme Court. First of all, the judgment under review was entered in the Broward County Court of Record. It was affirmed on final appeal to the Circuit Court,[8] but quashed in common law certiorari by the District Court of Appeal on the authority of Brown. The Supreme Court then embraced it on apparent conflict with Goswick. Now, since common law certiorari will only lie if there is a departure from the essential requirements of law, i.e., fundamental error,[9] the Supreme Court had to determine ultimately whether the District Court of Appeal could so find since that could be its only basis for issuing certiorari. The question thus devolved whether the conviction on a lesser charge was fundamentally defective merely because such lesser charge was not spelled out in the accusatory pleading and notwithstanding that the defendant had not objected to the charge at trial.[10] It was held that conspiracy is the gist of both offenses charged, and the accusatory pleading solely charging conspiracy to commit the higher offense was not fundamentally lacking in notice of conspiracy to commit the lesser *555 merely because it failed to mention the lesser offense. The court said:
"We do not hold that the crime of conspiracy to commit assault and battery is a necessarily included offense in a charge of conspiracy with intent to commit murder in the first degree. We do hold that the information in the case sub judice was sufficient to advise the Defendant of `the nature of the accusation against him,' [see 41 Am.Jur.2d, Indictments and Informations, § 263], and the accused could plead his conviction to a subsequent indictment or information based on the same facts. See 15A C.J.S. Conspiracy § 80."
We are in full accord. But we nevertheless point out that the situation in Smith was one within the contemplation of the second part of the dichotomy we develop here, i.e., one wherein the defendant-appellant objected to the giving of the lesser charge. Here, as was the Goswick court, we're concerned with a case within the purview of the first part of that dichotomy, i.e., one in which the defendant-appellant is objecting to the failure to give such a charge; and the question of whether the defendant was sufficiently apprised of the lesser offense, which was the pivotal point in Smith, is obviated here by the defendant's own insistence on a charge thereon. Accordingly, the due process fundamenta which we discussed earlier control this case without regard to any of the principles enunciated in Smith.
Moreover, on the whole we have found no case, either before or since Brown, with which our conclusions herein cannot be reconciled; and it would unduly burden this opinion to harmonize extensively the many cases within the scope of the problem involved.[11] We do mention one case, however, as illustrative of an ancillary problem which can inject itself into some of these category (4) cases. That is, the problem of when a lesser offense may not be, because it cannot be, lesser included regardless of sufficient evidence thereof. In Reilly v. State[12] the defendant was charged with breaking and entering with intent to commit grand larceny. He requested a charge on the lesser offense of breaking and entering with intent to commit wiretapping. Obviously, there is no logical connection between larceny and wiretapping; the two crimes are entirely separate and dissimilar. And even though the gravamen of each charge is breaking and entering, the state was entitled to stand or fall on its position that such breaking and entering was committed with the intent to steal. The factual issues respectively appertaining to these two incongruous offenses are so alien that the interjection of the evidence relating to wiretapping in the larceny prosecution would unjustly prejudice the state. It was not error to refuse a charge on the lesser offense, therefore, since not only did the accusatory pleading fail to allege the lesser offense, as the court said, but it did not, and we say could not, even generally "comprehend" it.
*556 We summarize now and hold, again assuming sufficient evidence thereof, that if the state in a criminal case seeks to sustain a charge on a lesser offense which may be included within the highest offense charged then such lesser offense must be set forth in the accusatory pleading with such particularity that a defendant cannot reasonably be heard to say he was unaware that a conviction on such charge would be sought. On the other hand, when the defendant seeks a charge on a lesser offense we reiterate that the question of notice is obviated, and thus the charge need only "comprehend" the lesser offense to the extent that it is within the general scope of the charge made. As noted, of course, the general scope of the charge made does not and cannot include any separate and dissimilar lesser offenses which, by their nature, are mutually incongruous with such charge; and this is so regardless of the sufficiency of the evidence thereof.
In view of the foregoing, therefore, we think there was clearly prejudicial error herein, particularly since the requested charge was a next lower offense to that actually found by the jury. It may well have been harmless error had it been two or more lower offenses removed from that found;[13] but that question is not before us and we need not decide it. Furthermore, we need not predicate our reversal on "fundamental error," nor need we consider any retrospective effect thereof if, arguendo, it is indeed fundamental error. We suggest, however, that if one would urge in the future that it is fundamental error and that it should be afforded retrospective effect, the precepts enunciated in Johnson v. New Jersey[14] and in Dunbar v. State[15] would operate as a bar to a successful embarkation on such a course.
One final comment. Since this case has to be retried we touch upon another point raised on appeal, and that is the refusal of the trial court to charge on circumstantial evidence. While we do not hold that a charge on circumstantial evidence need be given in every case in which there is some such evidence, nevertheless when the state solely relies on circumstantial evidence, or when circumstantial evidence constitutes the substantial thrust of the state's case, a proper jury charge thereon should be given. This appears to be such a case; and we are certain that upon a retrial hereof the learned trial judge will fully consider the law on the point as expressed in Leavine v. State,[16] Boyd v. State,[17] Clark v. State,[18] and in Jackson v. State.[19]
The judgment appealed from is reversed and a new trial awarded.
PIERCE, C.J., and MANN, J., concur.
NOTES
[1] (Fla. 1968), 206 So.2d 377.
[2] Id., at p. 383.
[3] (Fla. 1962), 143 So.2d 817.
[4] (Fla. 1970), 240 So.2d 807.
[5] The real issue in Goswick was whether a substantially undisputed battery was in fact committed with a "deadly weapon," which is essential to the higher offense. See, Rafuse v. State (Fla.App. 1968), 209 So.2d 260.
[6] See, State v. Smith, n. 4, supra, at p. 809.
[7] Indeed, Goswick was cited with approval by that court since Smith and as late as last month. See, Delaine et al. v. State, Fla.Sup.Ct. opinion filed November 10, 1971.
[8] The appeal, being from a misdemeanor conviction, was taken to the Circuit Court pursuant to Art. V, § 6(3), Fla. Const., F.S.A.
[9] See, e.g., 3 F.L.P., Certiorari, Common Law, § 16.
[10] Ordinarily, of course, a jury charge not objected to cannot be the basis of an appeal, see, F.S. 1969, § 918.10(4), F.S.A., but this does not apply when there is "fundamental error." See, Sanford v. Rubin (Fla. 1970), 237 So.2d 134.
[11] Three lottery cases cited to us, for example, in which importance was given to whether the lesser offense was spelled out in the accusatory writ were cases in which the defendant was objecting to the charge. The controlling point, then, was the sufficiency rel non of the information from the standpoint of "notice" to the defendant. See, Nelson v. State (Fla. 1955), 83 So.2d 687; Alderman v. State (Fla.App. 1964), 167 So.2d 635; and Holliday v. State (Fla.App. 1958), 104 So.2d 137. See, also, Swindle v. State, Fla.App., 254 So.2d 811. Opinion filed November 12, 1971; and Mangone v. State (Fla.App. 1969), 219 So.2d 447. As to cases wherein the defendant was requesting the lesser charge, see, e.g., Rafuse v. State, n. 5, supra. There it was undisputed that the evidence fully supported, at the very least, the lowest offense actually charged upon, thereby obviating any prejudicial effect of a failure to charge on a still lesser offense. Here, however, we are assuming sufficient evidence that the lesser was the only offense committed notwithstanding a prima facie showing of the highest offense.
[12] (Fla.App. 1968), 212 So.2d 796.
[13] See, Delaine et al. v. State, n. 7, supra.
[14] (1966), 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.
[15] (Fla.App. 1968), 214 So.2d 52, approved on a certified question to the Supreme Court in 220 So.2d 366.
[16] (1933), 109 Fla. 447, 147 So. 897.
[17] (Fla.App. 1960), 122 So.2d 632.
[18] (Fla.App. 1959), 114 So.2d 197.
[19] (Fla.App. 1958), 107 So.2d 247.