PIERCE, Chief Judge.
In this appeal one of the questions raised by appellant Rodriguez was whether the trial Court committed reversible error in refusing to instruct the jury on possession of lottery paraphernalia, as requested by appellant. We hold that this was prejudicial error, and reverse.
Rodriguez was convicted of a felony under the second count of an information which charged that he and another
“ . . . did unlawfully aid or assist in the setting up, promoting or conducting of a lottery or a lottery drawing for money, commonly known as Bolita, Cuba, and/or Bond, a further description of which is to the County Solicitor unknown in violation of Section 849.09(1) (d), Florida Statutes, contrary to the *82 form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.”
There was no specific language in the accusatory pleading alleging the commission of the misdemeanor of possession, condemned in F.S. § 849.09(1) (f) F.S.A. The evidence, however, was more than sufficient to support a charge of possession of lottery paraphernalia, but the State was relying on this evidence in addition to other evidence to establish the felony charged.
At the conclusion of the evidence, appellant orally requested an instruction on the lesser offense of possession, the Court having waived the requirement that the instruction be in writing. The Court refused to give the instruction as not being applicable.
The law announced in the recent case of Anderson v. State, Fla.App., 255 So.2d 550, opinion filed December 3, 1971 (not yet reported), controls the question presented here. This Court in Anderson reversed the lower Court and ordered a new trial, holding that when a defendant seeks a charge on a lesser offense which may or may not be included in the offense charged, if there is some evidence from which the jury could have found that the lesser offense was the only offense committed notwithstanding a prima facie showing of the highest offense, the charge need only “comprehend” the lesser offense to the extent that it is within the general scope of the charge made.
Inasmuch as we have determined that the judgment must be reversed and the case retried, it is unnecessary to consider the other questions presented by appellant.
The judgment appealed is reversed and the cause remanded for a new trial.
Reversed and remanded.
MANN and McNULTY, JJ., concur.