270 So.2d 353 (1972)
STATE of Florida, Petitioner,
v.
Randall ANDERSON, Respondent.
No. 41853.
Supreme Court of Florida.
October 11, 1972.
Rehearing Denied January 12, 1973.
*354 Robert L. Shevin, Atty. Gen., and Charles Corces, Jr., Asst. Atty. Gen., for petitioner.
Henry Gonzalez, Tampa, for respondent.
ADKINS, Justice.
By petition for certiorari, we have for review a decision of the District Court of Appeal, Second District (Anderson v. State, 255 So.2d 550) (Fla.App.), which allegedly conflicts with prior decisions of this Court (Brown v. State, 206 So.2d 377, (Fla.); State v. Smith, 240 So.2d 807 (Fla.)), as well as with prior decisions of the District Court of Appeal, First District (Alderman v. State, 167 So.2d 635 (Fla.App.); McPhee v. State, 254 So.2d 406 (Fla.App.)) on the same point of law. Fla. Const., art. V, § 4, F.S.A.
An information charged respondent (hereinafter referred to as "defendant"), as follows:
"[D]id unlawfully aid or assist in the setting up, promoting or conducting of a lottery or a lottery drawing for money commonly known as Bolita Cuba and/or bond, ... in violation of section 849.09(1)(d)."
At the trial, witness Steele testified that he purchased three numbers from defendant and that, after accepting Steele's money, defendant went to a telephone and dialed a number. Another purchase of lottery from defendant was shown by the *355 evidence. A detective testified as to the general operation of a lottery and explained the use of the telephone by defendant after the bet was made by Steele.
At the close of the evidence, defendant requested a charge to the effect that selling or offering for sale or transmitting a share representing an interest in a lottery was a lesser included offense to the charged offense. Aiding and assisting in the setting up, promoting, or conducting a lottery (Fla. Stat. § 849.09(1)(d), F.S.A.), is a felony by virtue of Fla. Stat. § 849.09 (2), F.S.A., while the offense of selling under the statute is a misdemeanor (Fla. Stat. § 849.09(3), F.S.A.). After trial by jury and verdict of guilty, defendant was adjudicated guilty and then appealed. The District Court of Appeal reversed the conviction on the ground that the trial court erred in refusing to instruct the jury on the offense of selling as a lesser included offense of the charge of setting up or promoting a lottery.
In Brown v. State, supra, we classified the various situations concerning instructions on lesser offenses into four categories:
(1) Crimes divisible into degrees;
(2) Attempts to commit offenses;
(3) Offenses necessarily included in the offense charged; and
(4) Offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence.
We are only concerned with category (4), since selling a lottery ticket or a share thereof is not a necessarily included offense to that of aiding and assisting in the conducting of a lottery. It is not necessary to prove the elements of selling a lottery ticket or a share thereof in order to prove aiding and assisting in the conducting or promoting of a lottery. One may aid and assist by selling, possessing, transporting, hiring, procuring, supplying telephones, supplying premises, or by many other such means. See Fla. Stat. §§ 849.09 and 776.011, F.S.A. The District Court of Appeal was concerned only with category (4), that is, those offenses which may or may not be included in the offense charged, depending upon the accusatory pleading and the evidence.
The District Court of Appeal in the case sub judice held that, even though the accusatory pleading does not spell out the lesser offense, the defendant is entitled to an instruction of the lesser offense where:
(a) there is sufficient evidence thereof, and
(b) the lesser offense is "comprehended" within the major offense to the extent that it is within the general scope of the charge made, and
(c) the defendant requests the charge.
Brown v. State, supra, requires that the accusatory pleading allege all the essential elements of the lesser offense or at least spell it out in its pleading.
This is apparent when the Court, in discussing category (4) said:
"In this category, the trial judge must examine the information to determine whether it alleges all of the elements of a lesser offense, albeit such lesser offense is not an essential ingredient of the major offense alleged. If the accusation is present, then the judge must determine from the evidence whether it supports the allegation of the lesser included offense. If the allegata and probata are present then there should be a charge on the lesser offense.
"...
"In all of these `major and minor' offense situations we are confronted by the organic requirement that the accusatory pleading apprise the defendant of all offenses of which he may be convicted. Fla. Const.Dec. of Rights, § 11; Robinson v. State, 69 Fla. 521, 68 So. 649, L. *356 R.A. 1915E, 1215 (1915). In the first three categories, the offenses of which the defendant may be convicted can be determined from the information or indictment and the cited statutes. In category four situations the lesser offense must be comprehended by the allegations of the information and supported by the proof." 206 So.2d 377, 383 (Fla.).
The decision of the District Court of Appeal in the case sub judice would require the instruction, however, where the lesser offense is within the general scope of the charge made. This decision is not compatible with Appell v. State, 250 So.2d 318 (Fla.App.4th, 1971) and Anderson v. State, 235 So.2d 738 (Fla.App.1st, 1970), where it was recognized that aggravated assault is within the general scope of the charge of murder, yet is not considered an included offense unless the accusatory pleading spells out that the offense was committed with a deadly weapon. Also, aggravated assault is within the general scope of mayhem, but the defendant is not entitled to an instruction on aggravated assault unless the mayhem charge alleges it was committed with a weapon. Blitch v. State, 194 So.2d 1 (Fla.App.3d, 1967). Fornication is within the general scope of rape but a requested instruction on fornication in a prosecution for rape was properly denied. Delaine v. State, 262 So.2d 655 (Fla. 1972).
In Goswick v. State, 143 So.2d 817 (Fla. 1962), we held that a lesser offense would be considered to be included in the greater offense if supported by the evidence adduced at the trial, regardless of the allegation of the accusatory pleading. In State v. Smith, 240 So.2d 807 (Fla. 1970), we receded from Goswick v. State, supra. The District Court of Appeal in the case sub judice noted that Goswick was cited with approval by this Court in Delaine v. State, supra. However, we have withdrawn the opinion in Delaine v. State, supra, upon which the District Court of Appeal relied and substituted another which is in conformity with the principles of Brown v. State, supra, and State v. Smith, supra.
The accusatory pleading must apprise the defendant of all offenses of which he may be convicted. This simply means that when the State makes a charge, ex parte though it may be, it is asserting that the defendant is guilty and may be convicted of that offense, all degrees thereunder when the offense is divided in degrees, the attempt to commit the offense, and any lesser offense which is an essential ingredient of the major crime charged.
In addition, it means that he may be convicted of any lesser offense, which, although not an essential ingredient of the major crime, is spelled out in the accusatory pleading in that it alleges all of the elements of the lesser offense and the proof at trial supports the charge. The gist is not what the defendant would like to persuade a jury he may be guilty of, but that the accusatory pleading apprise him of all offenses of which he may be convicted.
For example, in Nelson v. State, 83 So.2d 687 (Fla. 1955), the defendant was charged with aiding and assisting in the promoting of a lottery by having in his possession lottery tickets and also, in another count, with aiding and assisting by selling. He was convicted of the misdemeanors of possession of lottery tickets and selling lottery tickets. On appeal he said he should not have been convicted of the misdemeanors. In affirming the convictions, this Court pointed out that the charge in the accusatory pleading embraced the misdemeanor offenses.
However, in Alderman v. State, 167 So.2d 635 (Fla.App.1st, 1964), defendant was charged with being "interested in and connected with a lottery ... in that she received and collected money and records of the sale of chances on a lottery for money." The trial court instructed the jury on selling lottery tickets as a lesser included offense and the jury found the defendant guilty of selling. The conviction *357 was reversed by the District Court of Appeal, First District, because the information did not "put the defendant on notice that she was subject to being convicted of the offense of selling". The Court pointed out that the information did not, by apt language, allege the commission of acts which constitute the misdemeanor of selling lottery tickets.
Nelson v. State, supra, was affirmed because the defendant was apprised by the language of the information that he would be convicted of the misdemeanors while Alderman v. State, supra, was reversed because the defendant was not so apprised.
The decision of the District Court of Appeal in the case sub judice (to the effect that a lesser offense is one "comprehended" within the major offense to the extent that it is within the general scope of the charge made) is in direct conflict with the principles enunciated in all of the above-cited cases. In addition, such an innovation in our law is more conducive to confusion than to reason. The criminal law of this State regarding lesser included offenses has been the subject of much judicial uncertainty, resulting in vague appellate opinions reaching different conclusions on identical facts. See the discussion in McPhee v. State, supra, which followed the holding in Brown v. State, supra. It has been said that since the State controls the charge, it is unfair to permit the prosecution by limiting the language in an accusatory pleading to leave the jury one alternative to a not guilty verdict, when its own evidence might fall short of establishing the charged offense but be sufficient to support a lesser included offense. If the State's evidence falls short, a verdict of not guilty should be returned. If the jury fails to recognize the evidentiary deficiency, the Court should set aside the verdict.
We have made great strides in establishing guidelines, as certain as possible under various circumstances, which may assist the trial judges in determining whether an instruction should be given on a lesser included offense. As time has passed, the decisions have become more compatible and we should not in any way modify the present well-established rules which are in conformity with Brown v. State, supra.
We find no reversible error in the refusal of the trial court to charge on circumstantial evidence. The State relied primarily on the direct testimony of eye witnesses to the alleged crime. When such is the case, it is not necessary to charge the jury concerning the rule of law governing circumstantial evidence in criminal prosecutions. It is only when the prosecution relies solely on circumstantial evidence and when the nature of the circumstantial evidence is such that an inference affecting guilt is necessarily drawn from collateral facts which have a nature or generally recognized relation to such inference that the Court is compelled to instruct the jury upon the law governing circumstantial evidence in prosecutions for crime. Boyd v. State, 122 So.2d 632 (Fla.App.1st, 1960).
The opinion of the District Court of Appeal is quashed and this cause is remanded to the District Court of Appeal with instructions to affirm the judgment of the trial court.
It is so ordered.
ROBERTS, C.J., and ERVIN, CARLTON, BOYD, McCAIN and DEKLE, JJ., concur.