ADKINS, Justice.
By petition for certiorari, we have for review a decision of the District Court of Appeal, Second District (Fernandez v. State, 255 So.2d 567, 568-570 (Fla.App.) which allegedly conflicts with prior decisions of this Court (Brown v. State, 206 So.2d 377 (Fla.); State v. Smith, 240 So.2d 807), as well as with prior decisions of the District Court of Appeal, First District (Alderman v. State, 167 So.2d 635 (Fla.App.); McPhee v. State, 254 So.2d 406, (Fla.App.) ) on the same point of law. Fla. Const., art. V, § 4, F.S.A.
Petitioner (hereinafter referred to as defendant) was charged with the offense of aiding and assisting in the setting up, promoting, or conducting of a lottery or lottery draw for money in violation of Fla.Stat. § 849.09(1) (d), F.S.A. He was convicted and entered his appeal.
The information did not specifically allege any overt act by which defendant was supposed to have aided and assisted in conducting a lottery, but during the trial evidence was presented to show that defendant sold lottery numbers. At the conclusion of the trial, defendant requested a charge on the lesser included offense of selling a share in a lottery. This was refused by the trial court, and on appeal the District Court of Appeal, in an opinion by Judge Liles, affirmed the conviction.
While petition for rehearing was pending, the case of Anderson v. State, 255 So.2d 550 (Fla.App.) was considered by the District Court of Appeal and a different result reached. To be consistent, the District Court granted rehearing in the case sub judice and reversed the judgment on the authority of Anderson v. State, supra.
We have considered Anderson v. State, supra, and this day rendered our opinion *359 quashing the decision of the District Court of Appeal. See State v. Anderson, Fla., 270 So.2d 353, opinion filed Oct. 11, 1972.
The original opinion of Judge Liles in the case sub judice is approved and the opinion and decision reached on rehearing granted is quashed.
This cause is remanded to the District Court of Appeal with instructions to enter an order confirming the judgment of the lower court.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, BOYD, McCAIN and DEKLE, JJ., concur.