313 So.2d 729 (1975)
Benjamin F. GILFORD and Alan E. Schaffer, Petitioners,
v.
STATE of Florida, Respondent.
No. 44535.
Supreme Court of Florida.
April 9, 1975.
*730 James A. Gardner, Public Defender, and E. Earl Taylor, Jr., Asst. Public Defender, for petitioners.
Robert L. Shevin, Atty. Gen., and Richard C. Booth, Asst. Atty. Gen., for respondent.
DEKLE, Justice.
The erudite opinion of now Chief Justice Adkins in State v. Anderson, 270 So.2d 353 (Fla. 1972), ably amplified Brown[1] and correctly placed a matter of the kind here involved in Brown's "category (4)" offenses "which may or may not be included in the offense charged, depending upon, (a) the accusatory pleading, and (b) the evidence at the trial." Brown, p. 383. (emphasis added) Specifically, Justice Adkins was there dealing with the necessity that the accusatory pleading include the lesser offense in order for it to be invoked as "category (4)" of Brown, just as Brown expressly provides, but he also refers at page 357 of Anderson to the necessity, which Brown set forth as its twin predicate, to-wit, that evidence also must be present to support a verdict when he states: (p. 357)
"If the State's evidence falls short, a verdict of not guilty should be returned. If the jury fails to recognize the evidentiary deficiency, the Court should set aside the verdict."
The Chief Justice there also cautioned against modifying now compatible decisions on the Brown rule when he said:
"As time has passed, the decisions have become more compatible and we should *731 not in any way modify the present well-established rules which are in conformity with Brown v. State, supra."
The present cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Second District, reported at 281 So.2d 919 (1973). Our jurisdiction is asserted to arise from conflict under Art. V, § 3(b)(3), Fla. Const., between the decision sought to be reviewed and this Court's opinions in Brown v. State, 206 So.2d 377 (Fla. 1968), and DeLaine v. State, 262 So.2d 655 (Fla. 1972), inter alia.
Brown's category (3) of "necessarily included offenses" does not apply sub judice, as it did not in Anderson involving lesser offenses which "may or may not be included in the offense charged, depending on the accusatory pleading and the evidence." The same was true in earlier State v. Wilson, 276 So.2d 45 (Fla. 1973).
In summarizing the essential role that the accusatory pleading plays as the basis for Brown categories (3) and (4), Chief Justice Adkins says it with the utmost succinctness, clarity and skill when he sums it up in Anderson: (p. 356 of 270 So.2d)
"[3] The accusatory pleading must apprise the defendant of all offenses of which he may be convicted. This simply means that when the State makes a charge, ex parte though it may be, it is asserting that the defendant is guilty and may be convicted of that offense, all degrees thereunder when the offense is divided in degrees, the attempt to commit the offense, and any lesser offense which is an essential ingredient of the major crime charged.
"In addition, it means that he may be convicted of any lesser offense, which, although not an essential ingredient of the major crime, is spelled out in the accusatory pleading in that it alleges all of the elements of the lesser offense and the proof at trial supports the charge. The gist is not what the defendant would like to persuade a jury he may be guilty of, but that the accusatory pleading apprise him of all offenses of which he may be convicted." (emphasis added)
Petitioners were charged with breaking and entering with intent to commit a felony, to-wit: grand larceny. At a jury trial in the (then) Court of Record for Hillsborough County, petitioners requested an instruction on breaking and entering with intent to commit a misdemeanor, to-wit: petit larceny; this request was denied. Having been found guilty as charged by the jury, the court sentenced each of them to fifteen (15) years at hard labor. On appeal, the District Court of Appeal, Second District, affirmed, holding the proof of guilt to be overwhelming so that any error committed by the court's refusal of the requested instruction on the alleged "lesser offense" was harmless. We agree. But we further hold that there was no error.
Upon basic principles of evidence a verdict cannot stand without proof to support it. Brown clearly contemplated proof to invoke the jury instruction on "lesser offense"; so does CrPR 3.510 (formerly Fla. Stat. § 919.16) when it refers to the requirement of court instructions on offenses necessarily included in the offense charged in the indictment or information.
If there is no evidence to support a lesser included offense, then it is a mockery to tell the jury that they can convict on such a lesser included charge, just as it would be wrong to do so if such a charge were not within the "accusatory pleading." Anderson and Wilson.
Our late, scholarly Justice Thornal in his "treatise" in Brown first traced the early English cases allowing lesser offenses and in the following language at the outset of his "historical analysis of the problem" made it clear that the very predicate for lesser offenses is PROOF thereof: (p. 380 of 206 So.2d)

*732 "In the area of lesser included offenses the common law permitted conviction of a lesser offense within the major offense charged, when such lesser offense is supported also by the proofs." (emphasis added)
This Court has not strayed from the course set in Brown which was predicated on proof. In State v. Wilson, 276 So.2d 45 (Fla. 1973), we quoted the Fourth District's opinion there being reviewed which pointed out: (p. 46)
"If the allegata and probata are present, there should be a charge on the lesser offense."
The language of CrPR 3.510 is also limited to lesser offenses within that which is charged, just as Brown similarly limits its categories 3 and 4 to lesser offenses based upon the charge, and as Anderson elucidates the heretofore elusive point that all "lesser included offenses" must be "embraced" within the charging instrument. Brown even defined the lesser included offense, stating that it must be "an essential aspect of the major offense." (p. 382 of 206 So.2d) Also Anderson (p. 357 of 270 So.2d) expressly rejected and reversed as contrary to all of our decisions on lesser offenses, the notion "that a lesser offense is one `comprehended' within the major offense to the extent that it is within the general scope of the charge made ..." and said "such an innovation in our law is more conducive to confusion than to reason," holding, as did Brown, that the lesser offense must be one actually embraced within the indictment or information.
It is also noteworthy in deciding whether the "necessarily included offense" applies at all  irrespective of whether there is also proof of it  to recall Justice Thornal's description of such an included lesser offense that "the lesser offense must be an essential aspect of the major offense" (p. 382 of 206 So.2d). Thus, there can be no mixing of "apples and oranges;" it must come right out of the "apple crate"  the charging document. In a sense, it is like the old song "Love and Marriage", which expounded as an adage of that day that they "go together like a horse and carriage"; that "you can't have one without the other." In "lesser offenses", you can't have (apply) one without its being an "essential aspect" of the "other", viz, the charging document.
The particular holding in Brown was that the proof of the lesser offense "necessarily" was shown by proof of the greater, e.g., armed robbery which is also obviously proof of an assault which becomes a classic "necessarily included offense" on which a charge (instruction) must be given. There the proof inheres in the evidence of the armed robbery. Such greater proof is not always proof of the lesser offense, however, and herein may lie the confusion. The present case is illustrative.
Sub judice the only proof is of $600.00 worth of liquor, nondepreciable and based on "wholesale value" and not just wholesale "cost"; there is no way to reduce this to the less than $100 market value necessary to include the lesser offense of petty larceny. "Market value" is of course the standard. Spencer v. State, 217 So.2d 331 (Fla.App. 4th 1968). But wholesale "value", as the record here sets forth, absent contrary proof, sufficiently satisfies the recognized test.
Had the evidence admitted of any finding on which the jury might have based a breaking and entering with intent to commit a misdemeanor, to-wit: petty larceny, a proper lesser charge sub judice, then a jury instruction thereon should have been given. The wise trial judge correctly perceived, however, that such an instruction found no support in the evidence and was therefore inappropriate and would have been error.
No evidence; no jury charge.
In the Latin jargon we have always said, the probata must conform to the *733 allegata. The one exception to this is the one which Brown recognizes, namely, Fla. Stat. § 919.14 (now CrPR 3.490) which has been fixed as the requirement in those instances where the offense is divided into degrees, without specifying the degrees, and in that instance the trial judge is mandated to instruct on such lesser degrees of a single offense. The distinction must be made between the one statutory instance of degrees without regard to proof and the basic proposition that there must be proof in all other instances in order to justify the "lesser included offense" charge being given. Any indications to the contrary in earlier decisions are hereby expressly overruled.
Neither does our criminal procedure rule 3.510 change this principle. The rule is drafted, as are all rules, in the context of the existing law and in this instance that basic law requires proof for a conviction; otherwise, it may be said that a verdict pronouncing a defendant guilty of some lesser included offense may have to respond to a motion for new trial on the ground that it is plainly not supported by the evidence. The notion of having to charge the jury on something on which there is no proof makes a mockery of the trial, and of the result which will occur if a new trial  or dismissal  would necessarily follow where the verdict finds no support in the record.
A trial is not a game of roulette and, in this instance, is not one in which all of the "numbers" have to be played as possible offenses which might have been charged in the information but were not. The meaning of our rule is simply, as it says, that the trial judge must instruct (charge) on other offenses "necessarily included in the offense charged," but the predicate of the rule in its beginning is that "the jurors ... may convict" of such an offense. Certainly there can be no conviction without evidence of such an offense which constitutes proof upon which the conviction can stand.
We fail to perceive any valid distinction as urged by petitioners in the application of the harmless error rule where the alleged lesser offense is claimed to be within Brown category (3) as "necessarily" included in the offense charged, and in those cases in which harmless error has been heretofore applied where the lesser offenses were in the Brown category (4) of offenses which "may" be included.[2]
While the harmless error applied by the district court lies to affirm the convictions, we go further in our holding by finding no error, in a hopeful effort to clarify further and to "place at rest" the milestone case of Brown v. State, supra, and to forestall the seemingly endless attempts to erode and confuse Brown and its progeny.
Certiorari is accordingly
Discharged.
It is so ordered.
ADKINS, C.J., and ROBERTS, OVERTON and ERVIN (Retired), JJ., concur.
BOYD, J., dissents with opinion with which McCAIN, J., concurs.
BOYD, Justice (dissenting).
I must dissent.
The pertinent rule[3] provides in part as follows:
"... the jurors ... may convict [the defendant] of any offense which is necessarily included in the offense charged. The court shall charge the jury in this regard."
*734 This rule requires that a trial judge must charge on all lesser included offenses which are necessarily included as integral parts of the major crime while allowing him the discretion to refuse to charge on those offenses which may or may not be included in the offense charged. For example, if two men armed with guns robbed a convenience food store of both goods and money, at trial the court must instruct the jury not only as to robbery, but also as to grand and petit larceny and attempt to commit a felony, to-wit: robbery. The court also would have the discretion to decide whether to charge on aggravated assault, assault with intent to commit robbery, assault and battery, and assault.
As I perceive the intent of the rule, it is to give greater latitude to the jury in its consideration rather than to restrict it in its deliberations. Therefore, I would construe the rule to require the trial judge  with or without a written or oral request from either the accused or the state  to charge on all necessarily included offenses. If no request for such a charge is made by either side and if the court fails to give such a charge, then and only then do we consider the failure to charge on lesser included offenses[4] to be harmless error. It has been held that, even though a defendant objects to the giving of instructions on lesser included offenses[5] or affirmatively requests that they not be given,[6] it is proper for the court to so charge the jury; to me, it logically follows that, when the accused or the state requests  either orally or in writing  that a charge be given on one or more lesser included offenses which are inherently a part of the major crime charged, refusal of the court to give such charge constitutes reversible error.
In the past, it has been generally emphasized that lesser included offense charges should be considered as being beneficial to persons accused of crime, and it was assumed that the state would attempt to secure conviction on the major offenses charged. Although the rule appears to benefit the accused primarily, I think the state, society and the equal protection and fairness concepts must permit the prosecution to be treated equally, i.e., if the state seeks such lesser included offense charges, they must be given even over an objection from the accused.
For example, a financially deprived mother, desperately seeking food or medicine for her children, might commit armed robbery; recognizing the difficulty in securing a verdict of guilty from a compassionate jury, and realizing that, if the jury had to find her guilty of armed robbery or set her free, his chances for conviction would be limited, the state attorney might urge the court to charge on all lesser included offenses, hoping for conviction on a lesser included offense, while the defense attorney might strongly object, hoping for acquittal and freedom for his client; it seems to me that in such circumstances the court should charge on the lesser included offenses, as requested.
In the case before the court, the petitioners requested a charge on the lesser included offense of breaking and entering with intent to commit a misdemeanor, to-wit: petit larceny.[7] Inasmuch as the testimony revealed that the wholesale cost to the owner exceeded six hundred dollars, the court denied this motion, instructed the jury solely on breaking and entering with intent to commit grand larceny,[8] and provided *735 the jurors only with alternative verdicts: guilty as charged, or not guilty. I think the jury should have had the charge on the lesser included offense as petitioners requested for two reasons. First, since original cost does not conclusively establish reasonable market value at the time of the larceny,[9] the jury could have found the value to be less than one hundred dollars and thus could have returned a verdict of guilty of breaking and entering with intent to commit petit larceny. Secondly, our system of jurisprudence permits what has been referred to by Chief Justice Adkins as "a `jury pardon' of the higher degree of crime",[10] which is accomplished when jurors harmonize differing views and convict a defendant of any lesser degree of the crime charged.
While I recognize the similarity of the problem presented here with that presented by crimes divisible into degrees,[11] I also observe that under the statute "the trial judge should, and if requested must, instruct on all lesser degrees of the offense, if the case is allowed to go to the jury for a determination of guilt or innocence on the offense charged."[12] If this court is to deny defendants and the state the benefit of this statute on lesser included offenses based on the harmless error concept, it becomes as meaningless as a shadow of a ghost and should be repealed by statute rather than by judicial erosion.
I am persuaded that the failure of the trial judge in this case to charge the jury on the lesser included offense of breaking and entering with intent to commit a misdemeanor, to-wit: petit larceny, as requested by Petitioners, constituted reversible error. Therefore, for the reasons expressed above, in my view, the opinion of the District Court of Appeal should be quashed and the cause should be remanded. For the foregoing reasons I respectfully dissent to the majority opinion.
McCAIN, J., concurs.
NOTES
[1] Brown v. State, 206 So.2d 377 (Fla. 1968).
[2] State v. Wilson, 276 So.2d 45 (Fla. 1973); State v. Anderson, 270 So.2d 353 (Fla. 1972); DeLaine v. State, 262 So.2d 655 (Fla. 1972).
[3] Rule 1.510, Cr.P.R., now renumbered Rule 3.510, Cr.P.R.
[4] Section 924.33, Florida Statutes; Sloan v. State, 226 So.2d 863 (Fla.App. 1969), cert. den. 397 U.S. 1056, 90 S.Ct. 1402, 25 L.Ed.2d 674.
[5] State v. Washington, 268 So.2d 901 (Fla. 1972).
[6] Rayner v. State, 273 So.2d 759 (Fla. 1973).
[7] Section 811.021(3), Florida Statutes. "If the value of the property stolen is less than one hundred dollars ($100) the offender shall be guilty of petit larceny ..."
[8] Section 811.021(2), Florida Statutes. "If the property stolen is of the value of one hundred dollars or more, ... the offender shall be deemed guilty of grand larceny ..."
[9] Singleton v. State, 258 So.2d 313 (Fla.App. 1972); Gamble v. State, 210 So.2d 238 (Fla. App. 1968).
[10] Bailey v. State, 224 So.2d 296 (Fla. 1969).
[11] Section 919.14, Florida Statutes. "Determination of degree of offense. If the indictment or information charges an offense which is divided into degrees, without specifying the degree, the jurors may find the defendant guilty of any degree of the offense charged; if the indictment or information charges a particular degree the jurors may find the defendant guilty of the degree charged or of any lesser degree. The court shall in all such cases charge the jury as to the degrees of the offense."
[12] See Note 1, at p. 381 of 206 So.2d.