ON PETITION FOR REHEARING
McCORD, Judge.
Upon consideration of appellant’s petition for rehearing, we consider that comment should be made on three points. Appellant was charged with second degree murder of her common-law husband and was convicted of manslaughter. The trial court charged the jury on second degree murder, attempt to commit second degree murder, assault with intent to commit second degree murder, third degree murder, manslaughter, aggravated assault, assault and battery, and bare assault. Appellant contends that the trial court erred in not giving her requested jury instructions on attempts to commit all of the above offenses below second degree murder. Rule 3.-510, F.R.Cr.P., provides as follows:
“Upon an indictment or information upon which the defendant is to be tried for any offense the jurors may convict the defendant of an attempt to commit such offense if such attempt is an offense, or may convict him of any offense which is necessarily included in the offense charged. The court shall charge the jury in this regard.” (emphasis supplied)
In obedience to the foregoing rule, the trial judge charged on attempt to commit the crime charged (second degree murder). The evidence did not contain a factual basis for a charge on an attempt to commit a lesser included offense. The charge was that appellant killed the decedent, and the evidence clearly shows that decedent was killed by her. Appellant’s defense was that the killing was an accident. There was no basis in the evidence for giving additional attempt instructions as the evidence is susceptible of no other conclusion than that decedent was killed by appellant. Compare Gilford v. State, Fla., 313 So.2d 729.
In addition appellant contends that the trial court erred in permitting the state in its cross-examination of witness Jankowski, appellant’s son-in-law, to bring forth testimony from him that appellant had pulled a gun on him in a family quarrel about a year previously. Appellant objected on the ground that the question was not in cross of anything brought out on direct. Although this evidence was relevant on the question of whether or not this *588 shooting was the result of accident, mistake, or inadvertence, Williams v. State, Fla., 110 So.2d 654; Norris v. State, Fla.App. (1st), 158 So.2d 803, it was not proper cross of the direct testimony of this witness. Although error, we find it to have been harmless error. See § 924.33, Florida Statutes. We find the evidence was sufficient to support the verdict.
Petition for rehearing denied.
BOYER, C. J., and MILLS, J., concur.