PER CURIAM.
By an information the appellant was charged with having in his possession a certain automobile which he knew or had reason to believe had been stolen (§ 814.03 (2) Fla.Stat., F.S.A.), and with buying, receiving or aiding in the concealment of said stolen automobile knowing the same to have been stolen (§ 811.16 Fla.Stat., F.S.A.). He was found guilty of those crimes on a jury trial, was so adjudged and was sentenced to imprisonment for a term of five years. This appeal by the defendant ensued.
On review of the record we find no merit in the appellant’s contention of insuffic *373 iency of the evidence to support the judgment of conviction of the offenses charged. No useful purpose would be served by reciting here the evidence and the inferences reasonably to be drawn therefrom, which we regard as competent substantial evidence to support the verdicts.
On authority of Brown v. State, Fla. 1963, 206 So.2d 377, and Gilford v. State, Fla.1975, 313 So.2d 729, we hold the trial did not commit error by failing to charge the jury on temporary use of a motor vehicle “without the authority of the owner or his representative” (§ 812.041) as being a lesser included offense of the charged offense of possession of a stolen automobile. It was not a necessarily included lesser offense, and there was absence of allegation and evidence thereof to make it basis for a jury charge. Also there was absence of proper request for the charge.
We reject as unsound the contention of the appellant that the court erred by failing to charge the jury that in order to return a verdict of guilty of possession of a stolen motor vehicle, the jury must find the defendant intended to permanently deprive the owner of possession. That is not an element of the offense that was charged, which, as set out in § 814.03(2) is: “Any person who should have in his possession any motor vehicle, aircraft, boat, or boat motor which he knows or has reason to believe has been stolen, * *
Denial of defendant’s motion for mistrial for a remark of the prosecutor in opening argument was not error. The remark, or portion of a remark thus referred to by the appellant, reasonably was more subject to a construction that would make it wholly without prejudicial effect, than to a construction or interpretation that would render it harmful. Denial of the motion for mistrial was a matter within the sound judicial discretion of the trial court in the situation involved.
No reversible error having been shown, the judgment is affirmed.